UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

(Three-Judge Court Convened Pursuant to 28 U.S.C. § 2284)

Lindsay Garcia, a qualified voter and a
candidate in the Democratic Party for
the 5th Congressional District, on behalf
of herself and all others similarly situated;
and Eugene Collins, a qualified voter,
                    Plaintiffs,

v.                                CIVIL ACTION NO. 3:26-cv-00471-SDD-RLB

JEFF LANDRY, in his official capacity as Governor
of the State of Louisiana; ELIZABETH B. MURRILL,
in her official capacity as Attorney General of the State
of Louisiana; and NANCY LANDRY, in her official
capacity as Secretary of State of the State of Louisiana,
                    Defendants.

**Before:** Hon. Stuart Kyle Duncan, Circuit Judge; Chief Judge Shelly D. Dick, U.S. District

Judge; and Hon. Greg G. Guidry, U.S. District Judge.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO TRANSFER VENUE**

**INTRODUCTION**

Defendants' Motion to Transfer Venue rests upon a fundamental mischaracterization of this action. Defendants assert that Plaintiffs seek to 'compel the State to use SB8 in the upcoming election in direct defiance of the Western District's injunction.' Mem. at 4. That assertion is incorrect on the face of Plaintiffs' Verified Complaint, in Plaintiffs' First Notice of Supplemental Authority filed contemporaneously with the Verified Complaint, in Plaintiffs' Second Notice of Supplemental Authority filed earlier this date, and in Plaintiffs' Third Notice of Supplemental Authority. Plaintiffs do not seek the use of SB8. Plaintiffs do not seek any relief that would interfere with the Western District's injunction. Plaintiffs do not ask this Court to declare the

validity of any congressional map. Plaintiffs ask this Court to enjoin Executive Order JML 26-038 and the certification under La. R.S. § 18:401.1(B), nothing more.

Once the State's mischaracterization is corrected, the Motion to Transfer collapses on every prong:

First, the First-Filed Rule does not apply. The two cases do not involve substantially similar issues. The Western District proceeding addresses the constitutionality of the SB8 congressional map. This Court addresses the constitutionality of an Executive Order issued under La. R.S. § 18:401.1(B). Different state actions, different constitutional and statutory provisions, different defendants in different combinations, different remedies, different doctrinal frameworks. As Chief Judge Dick herself explained in Robinson v. Ardoin, 2024 WL 1637530 (M.D. La. Apr. 16, 2024), the very decision Defendants cite, the First-Filed Rule applies only where the cases 'involve substantially overlapping issues.' That standard is not met here.

Second, this Court lacks authority under 28 U.S.C. § 1404(a) to transfer this case at this juncture. A Three-Judge District Court has been convened under 28 U.S.C. § 2284. The transfer of an action between federal districts where one such district has already convened a three-judge court is governed not by § 1404(a) but by 28 U.S.C. § 2284(b)(1), which vests transfer authority in the Chief Judge of the Court of Appeals for the relevant circuit here, Chief Judge Jennifer Walker Elrod of the Fifth Circuit. The Chief Judge designated this panel earlier today. She did not transfer the action. The State asks this Court to do what only the Chief Judge can do.

Third, even on the State's own framing, the § 1404(a) analysis decisively favors retention. The Executive Order was issued in Baton Rouge by state officials whose offices are located in this District. The certification under La. R.S. § 18:401.1(B) was issued in this District. Voter harm extends across all sixty-four (64) parishes of Louisiana, with material harm in the Middle District. The convenience of parties and witnesses, the location of the challenged conduct, and the public interest in resolving constitutional challenges to executive action in the venue where the executive action was effected, all favor retention.

The Motion should be denied. The pending Temporary Restraining Order Motion remains ripe for emergency adjudication on the schedule previously requested.

## ARGUMENT

### I. DEFENDANTS' MOTION RESTS UPON A FUNDAMENTAL MISCHARACTERIZATION OF PLAINTIFFS' CLAIMS

*A. Plaintiffs Do Not Seek the Use of SB8.*

Defendants assert seven separate times in their Memorandum that Plaintiffs seek to compel the State to use SB8. See Mem. at 1 ('would require the State to conduct congressional elections under the same map the Western District and the Supreme Court have enjoined as unconstitutional'); id. at 3 ('seeking emergency relief that would require the State to conduct congressional elections under the same map the Western District and the Supreme Court have enjoined'); id. at 4 ('expressly seek to compel the State to use SB8 in the upcoming election in direct defiance of the Western District's injunction'); id. at 5 ('whether the existing congressional map can be lawfully used'); id. at 9 ('require the State to proceed with elections under the existing map that the Supreme Court has already invalidated (S.B. 8)'); id. at 11 ('requiring elections under a map that has already been invalidated'); id. at 12 ('their ability to use SB8 in the upcoming election').

Each of these statements is incorrect. The Verified Complaint does not request relief requiring use of SB8. The Prayer for Relief in the Verified Complaint requests, in pertinent part:

> *"B. Issue a Temporary Restraining Order, returnable at the earliest possible date, enjoining Defendants from giving any force or effect to Executive Order JML 26-038, to the certification of emergency under La. R.S. § 18:401.1(B) issued April 30, 2026, or to any other suspension, postponement, or cancellation of the May 16, 2026 federal congressional primary election or the June 27, 2026 federal congressional second primary election or any portion thereof[.]"*

Plaintiffs' First Notice of Supplemental Authority, filed contemporaneously with the Verified Complaint and identifying Document 261 from the Western District proceeding, expressly clarified Plaintiffs' position with respect to the Western District panel's exclusive remedial authority over the congressional map. Plaintiffs there clarified that the relief sought:

> *"... could be construed as overlapping with the Western District panel's exclusive remedial authority over the map ... [is] properly understood and may, if necessary, be modified to read as follows: ... An order directing that any remedial process undertaken with respect to the United States House of Representatives primary be conducted under the supervision of the United States District Court for the Western District of Louisiana, in coordination with the schedule set by Document 261 of that Court, and in a manner that preserves the rights of all already-cast absentee ballots, all qualified candidates, and all qualified voters[.]"*

Plaintiffs' Verified Complaint, the First Notice, and Plaintiffs' subsequent Notices all expressly disclaim any intrusion upon the Western District panel's exclusive remedial authority over redistricting. Plaintiffs ask this Court to enjoin a state Executive Order and a state-law emergency certification, not to issue any congressional map, not to declare any map valid, not to interfere with the Western District panel's remedial authority, and not to compel use of SB8 or any other particular map.

### B. Plaintiffs Challenge an Executive Order, Not a Congressional Districting Plan.

Plaintiffs' six causes of action address the Executive Order, not SB8, not any other congressional district. The Counts plead violations of the First, Fourteenth, and Fifteenth Amendments; the Elections Clause; 2 U.S.C. §§ 1 and 7; Section 2 of the Voting Rights Act; the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq.; and Article I, §§ 3 and 10 of the Louisiana Constitution. Each Count is directed at the Executive Order, the certification under La. R.S. § 18:401.1(B), and the selective race-by-race severance of the United States House of Representatives primary from the rest of the May 16, 2026, ballot. None of those Counts seeks the use of SB8 or any other particular congressional map.

The Executive Order, not SB8, is the operative state action being challenged. The certification under La. R.S. § 18:401.1(B), not SB8, is the predicate authority being challenged. The selective severance of one contest on a multi-contest ballot, not SB8, is the operative state-administrative practice being challenged.

## II. THE FIRST-FILED RULE DOES NOT APPLY

### A. The Cases Do Not Involve Substantially Overlapping Issues.

The First-Filed Rule applies only where the two cases 'involve substantially overlapping issues.' Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997). As Chief Judge Dick observed in Robinson v. Ardoin, the case Defendants cite as the definitive M.D. La. articulation of the Rule, application of the First-Filed Rule turns on whether the 'core issue' of the two proceedings is the same. 2024 WL 1637530, at *2–*3.

The 'core issue' before the Western District panel is the constitutionality of the SB8 congressional districts and the appropriate remedial mapping process under federal redistricting law. The 'core issue' before this Court is the constitutionality of Executive Order JML 26-038 and the predicate certification under La. R.S. § 18:401.1(B). Defendants conflate these by characterizing both as concerning 'whether the existing congressional map can be lawfully used,' Mem. at 5, but that characterization fails on its own terms: Plaintiffs do not seek a ruling on whether SB8 can be lawfully used; that question is exclusively before the Western District. Plaintiffs seek a ruling on whether the Governor's unilateral suspension of two federal congressional primary elections, issued in operative reliance upon a federal-court injunction whose continued operative effect is contested under the Supreme Court's stay order of May 15, 2024, 144 S. Ct. 1171 (2024), comports with the Elections Clause, the Fourteenth Amendment, the Fifteenth Amendment, and Section 2 of the Voting Rights Act.

These are different cases. They have different defendants in different combinations (the Western District proceeding has only Secretary of State Landry; this proceeding has the Governor, the Attorney General, and the Secretary of State). They have different plaintiffs (the Western District proceeding has redistricting plaintiffs and Robinson Intervenors; this proceeding has a candidate and a voter as plaintiffs and seeks class certification under Rule 23(b)(2)). They have different legal claims (the Western District proceeding is a redistricting challenge; this proceeding is a § 1983 challenge to executive action). They seek different relief (the Western District proceeding seeks a map; this proceeding seeks invalidation of an Executive Order). They operate on different timelines (the Western District proceeding has a contingent briefing schedule keyed

to Rule 45.3 transmission; this proceeding has an immediate operational deadline of 8:30 a.m. on Saturday, May 2, 2026, when in-person early voting commences).

### B. The Connection Between the Cases Is Causal, Not Substantive.

Defendants' transfer argument relies heavily upon Plaintiffs' acknowledgment, in connection with their Motion to Convene a Three-Judge District Court under 28 U.S.C. § 2284, that this action is 'causally and substantively connected' to the apportionment issues at the heart of Callais. Mem. at 9. That language reflects the threshold connection necessary to invoke § 2284, the action arises in causal sequence after Callais. It does not, however, render the issues 'substantially overlapping' for First-Filed Rule purposes.

A causal connection, Action B occurred because of Action A, is fundamentally different from a substantive overlap of issues. Many cases arise in a causal sequence after a Supreme Court decision without becoming the same case. A § 1983 challenge to an executive order issued in causal response to a Supreme Court ruling is not the same case as the underlying constitutional challenge that produced the Supreme Court ruling. The transfer-by-causation argument Defendants make would, if accepted, mean that any state executive action issued in response to a Supreme Court decision must be litigated in the court that decided the underlying merits, a proposition no court has accepted and that finds no support in Save Power, Robinson v. Ardoin, or any other authority Defendants cite.

### C. Robinson v. Ardoin Cuts Against Transfer, Not For It.

Defendants quote from Chief Judge Dick's First-Filed Rule analysis in Robinson v. Ardoin, 2024 WL 1637530 (M.D. La. Apr. 16, 2024). That citation is unfortunate for Defendants. The Robinson v. Ardoin First-Filed analysis applied because the two actions there at issue were both racial-gerrymandering challenges to Louisiana's congressional districts, with substantially overlapping plaintiffs, identical defendants, and overlapping factual records developed across the same redistricting cycle. Id. at *2–*3.

Here, by contrast, the two actions are about different state actions altogether. The Callais proceeding is a redistricting challenge. This proceeding is a § 1983 challenge to an executive order. The Robinson v. Ardoin court's analysis turned on the substantial substantive overlap of the underlying legal questions, not on a causal-connection theory. The Robinson v. Ardoin court

would not have transferred a § 1983 challenge to an executive order even if the executive order had been issued causally in response to the redistricting litigation.

### III. THIS COURT LACKS AUTHORITY UNDER 28 U.S.C. § 1404(a) TO TRANSFER THIS ACTION FOLLOWING CONVOCATION OF A THREE-JUDGE PANEL

A Three-Judge District Court was convened in this matter on May 1, 2026 (Doc. 5), upon the order of Chief Judge Shelly D. Dick under 28 U.S.C. § 2284(a) and the designation of Chief Judge Jennifer Walker Elrod of the Fifth Circuit under 28 U.S.C. § 2284(b)(1). The convocation of the panel materially changes the procedural posture and limits this Court's authority to transfer.

Under 28 U.S.C. § 2284(b)(1), the designation of judges to a three-judge district court rests with the Chief Judge of the Court of Appeals for the relevant circuit. Once the panel is designated, transfer of the action to another judicial district where a related three-judge court has been convened is itself a question for the Chief Judge of the Court of Appeals. The Callais Plaintiffs in the Western District proceeding have themselves recognized this in their Notice of Competing Action filed earlier today (Doc. 263 in the Western District matter), in which they request that the Western District three-judge court 'contact the Chief Judge of the United States Court of Appeals for the Fifth Circuit, who will likely be notified of the Competing Action by the initially assigned district judge under 28 U.S.C. § 2284(b)(1)[,] ... [and] request the transfer of the Competing Action to this Court.'

In other words, the Callais Plaintiffs themselves recognize, in their formal filings before the Western District three-judge court, that transfer of this action is the prerogative of the Chief Judge of the Fifth Circuit acting under § 2284(b)(1), not the prerogative of this Court acting under § 1404(a). Defendants now ask this Court to grant under § 1404(a) what is reserved to the Chief Judge of the Fifth Circuit under § 2284(b)(1). That request is procedurally improper.

Even apart from the structural § 2284(b)(1) issue, this Court is no longer a single-judge court for purposes of the relief Plaintiffs seek. The pending Temporary Restraining Order Motion is now properly before the Three-Judge Court, that is, before Judge Duncan, Chief Judge Dick, and Judge Guidry, sitting en banc. A § 1404(a) determination by a single member of the panel acting alone would be procedurally anomalous, particularly where the requested relief (transfer to another district) implicates the panel's authority to adjudicate the action at all.

## IV. EVEN ON THE STATE'S OWN § 1404(a) FRAMEWORK, THE TRANSFER FACTORS DECISIVELY FAVOR RETENTION

If the Court reaches the § 1404(a) analysis on its merits, which Plaintiffs respectfully submit it should not, for the reasons stated above, the result is the same: the factors decisively favor retention. Defendants bear the burden of establishing that the proposed transferee venue is 'clearly more convenient' than the transferor venue. In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Defendants have not met that burden.

### A. Plaintiffs' Choice of Forum Is Entitled to Deference.

'A plaintiff's choice of forum is entitled to deference, and the moving party must demonstrate that the proposed transferee venue is clearly more convenient than the transferor venue.' Volkswagen, 545 F.3d at 315. Plaintiffs' choice of the Middle District of Louisiana is rationally connected to the dispute: the Executive Order was issued in Baton Rouge in this District; the certification under La. R.S. § 18:401.1(B) was issued in this District; the Office of the Governor is located in this District; the Office of the Attorney General is located in this District; the Office of the Secretary of State is located in this District. Plaintiff Eugene Collins resides in this District. Plaintiff Lindsay Garcia resides within the Fifth Congressional District, portions of which lie within this District.

### B. The Private-Interest Factors Favor Retention.

The private-interest factors examined under Volkswagen are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. 545 F.3d at 315.

First, the principal sources of proof — the Executive Order itself, the certification under La. R.S. § 18:401.1(B), the Suspension Announcement on the Secretary of State's verified X account, public statements by the Governor and Attorney General, the records of qualifying for the May 16 election (all of which were filed and processed centrally in Baton Rouge), the records of the Department of State concerning the May 16 election preparations, the lists of voters who have requested absentee ballots, and the parish-level guidance issued by the State to the parish registrars, are all located in this District.

Second, the willing witnesses are likewise overwhelmingly located in this District: the Governor, the Attorney General, the Secretary of State, the Commissioner of Elections, and any administrative personnel witnesses regarding the issuance, scope, or implementation of the Executive Order.

Third, the cost-of-attendance factor is at a minimum neutral. Plaintiffs' counsel is located in Baton Rouge, Louisiana, in the Middle District. Defendants' counsel is located in Baton Rouge, in the Middle District. The judicial offices of all three Defendants are in Baton Rouge.

Fourth, the practical considerations strongly favor retention. The relief sought is a Temporary Restraining Order against state executive action effective at 8:30 a.m. on Saturday, May 2, 2026, within hours of this filing. A transfer at this juncture would necessarily delay the adjudication of the pending TRO Motion, defeat the operational deadline that motivated the action, and frustrate the very purpose of emergency relief. There is no scenario in which transfer reduces delay; by definition, transfer adds delay.

### C. The Public-Interest Factors Favor Retention.

The public-interest factors examined under Volkswagen are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. 545 F.3d at 315.

First, the local interest in having localized interests decided at home strongly favors the Middle District. The Executive Order was issued in Baton Rouge, in this District. The harm extends across all sixty-four (64) parishes of Louisiana, but the executive officers responsible for issuing the challenged action all sit in this District. The Middle District has the strongest connection to the dispute.

Second, this Court's familiarity with the relevant law is at least equal to that of the Western District. The legal questions presented — the Elections Clause, 2 U.S.C. §§ 1 and 7, the First, Fourteenth, and Fifteenth Amendments, Section 2 of the Voting Rights Act, UOCAVA, the Louisiana Constitution, are all matters of federal and Louisiana law within the routine competence

of this Court. Indeed, Chief Judge Dick's familiarity with Louisiana voting-rights law, evidenced by Robinson v. Ardoin and its progeny, exceeds that of any other district court in the State.

Third, the avoidance of conflicting federal directives, which Defendants emphasize at Mem. at 12, equally supports retention as transfer. The Western District is supervising the redistricting remedy. This Court is supervising executive-action review. The two functions are complementary, not duplicative. The risk of conflict is created only by the State's choice to assert its Executive Order as 'compliance' with the Western District's injunction, a characterization the Robinson Intervenors are presently contesting in the Western District (Doc. 262, pending). Conflict is minimized by allowing each court to operate within its proper sphere.

## V. THE STATE'S MOTION TO TRANSFER COMES IN EMERGENCY POSTURE AND ASKS THIS COURT TO PRIORITIZE PROCEDURE OVER OPERATIONAL HARM

The Verified Complaint and pending Temporary Restraining Order Motion arise on a 24-hour emergency timeline. Early voting commences at 8:30 a.m. on Saturday, May 2, 2026. The State's Motion to Transfer was filed on May 1, 2026, in apparent response to the convocation of the three-judge panel. The Motion does not request expedited consideration. The Motion does not address the operational deadline. The Motion does not address the irreparable harm flowing from delay.

Defendants effectively ask this Court to defer adjudication of the pending TRO Motion in favor of a procedural transfer that, even if granted, would not be effected before 8:30 a.m. on Saturday. The practical consequence of such deferral is that the Executive Order remains in operative effect, two federal congressional primaries remain suspended, over one hundred thousand absentee ballots remain at risk of selective race-by-race severance, and Plaintiff Lindsay Garcia remains stripped of ballot access, all while the State pursues a procedural objection that, by its own framing, depends upon the Western District's authority over the redistricting remedy, an authority that the Robinson Intervenors are presently contesting on jurisdictional grounds in that very District.

This Court should not allow procedural maneuvering to defeat the operational urgency that motivated the filing. The pending TRO Motion remains ripe for emergency adjudication on the

schedule previously requested. The Motion to Transfer can be considered, if at all, after the immediate emergency relief is addressed.

## VI. CONCLUSION

Defendants' Motion to Transfer Venue rests upon a fundamental mischaracterization — that Plaintiffs seek to compel use of SB8, and upon a procedural misstep, that this Court can transfer an action between three-judge panels under § 1404(a) when § 2284(b)(1) reserves that authority to the Chief Judge of the Fifth Circuit. The Motion fails on every prong: the First-Filed Rule does not apply because the two cases address fundamentally different issues; this Court lacks § 1404(a) authority following convocation of the three-judge panel; and the § 1404(a) factors, even if applicable, decisively favor retention.

Plaintiffs respectfully request that this Court DENY the Motion to Transfer Venue and proceed to adjudicate the pending Temporary Restraining Order Motion on the schedule previously requested.

Respectfully submitted,

RESPECTFULLY SUBMITTED,

/s/ Jamar Lanier Ennis
JAMAR LANIER ENNIS
La. Bar Roll #37455
**Ennis Law Firm, LLC**
412 N. 4th Street, Suite 102
Baton Rouge, Louisiana 70801
Phone: (225) 400-6600
Fax: (225) 308-2053

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2026, a copy of the foregoing Plaintiffs' Opposition to Defendants' Motion to Transfer Venue was served upon all counsel of record by the Court's CM/ECF system, and additionally by electronic mail upon the Office of the Solicitor General of Louisiana, Louisiana Department of Justice; the Office of the Governor of Louisiana, Attn: Executive Counsel; and the Louisiana Department of State, Attn: General Counsel.