UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

(Three-Judge Court Convened Pursuant to 28 U.S.C. § 2284)

Lindsay Garcia, a qualified voter and a
candidate in the Democratic Party for
the 5th Congressional District, on behalf
of herself and all others similarly situated;
and Eugene Collins, a qualified voter,
　　　　　　　　　　Plaintiffs,

v.                              CIVIL ACTION NO. 3:26-cv-00471-SDD-RLB

JEFF LANDRY, in his official capacity as Governor
of the State of Louisiana; ELIZABETH B. MURRILL,
in her official capacity as Attorney General of the State
of Louisiana; and NANCY LANDRY, in her official
capacity as Secretary of State of the State of Louisiana,
　　　　　　　　　　Defendants.

**Before:** Hon. Stuart Kyle Duncan, Circuit Judge; Chief Judge Shelly D. Dick, U.S. District Judge; and Hon. Greg G. Guidry, U.S. District Judge.

**<u>PLAINTIFFS' MEMORANDUM RESPONSIVE TO THE PANEL'S ORDER OF MAY 1, 2026 (DOC. 8) REGARDING THE REQUEST FOR AN EVIDENTIARY HEARING</u>**

TO THE HONORABLE THREE-JUDGE COURT:

Plaintiffs Lindsay Garcia and Eugene Collins respectfully submit this Memorandum, in advance of the briefing dates established in Document 8 and at the earliest practicable moment, to provide the Court and opposing counsel with early notice of Plaintiffs' position on whether an evidentiary hearing is requested. Plaintiffs file this Amended Memorandum to provide additional, substantively material factual context, drawn from public records of the Louisiana Department of State, that bears directly on the scope and depth of the harm inflicted by Executive Order JML 26-038 across Louisiana congressional districts and across both political parties, and as a direct consequence of the State's selective cancellation of only the federal congressional portion of the May 16, 2026 closed party primary, while the May 16, 2026 primary continues to go forward as

scheduled with respect to all other Louisiana offices subject to the closed party primary system, including the Louisiana Supreme Court, the Louisiana Public Service Commission, and the Louisiana Board of Elementary and Secondary Education.

## I. NO EVIDENTIARY HEARING IS REQUESTED ON JURISDICTION OR TRANSFER

1. Plaintiffs do not request an evidentiary hearing on the question of jurisdiction under 28 U.S.C. § 2284, which the Court has taken under advisement (Doc. 8). Plaintiffs also do not request an evidentiary hearing on Defendants' Motion to Transfer Venue (Doc. 6). Both questions are properly resolved on the briefs, based on the four corners of the parties' filings and the applicable legal standards. Plaintiffs submit these questions as briefed, absent any additional questions from the Court.

## II. PLAINTIFFS REQUEST A LIMITED EVIDENTIARY HEARING IF THE PANEL REACHES THE MERITS

2. If the Panel confirms jurisdiction, denies the Motion to Transfer, and reaches the merits of the pending Temporary Restraining Order Motion, Plaintiffs respectfully request an evidentiary hearing of approximately one day's duration. Plaintiffs request the hearing for four specific and limited purposes:

a. To establish the volume of qualified Louisiana electors who have already cast absentee ballots for the May 16, 2026, election, the federal-law harm to those voters, and the federal preemption questions raised under federal election law;

b. To establish the harm to qualified candidates who, by operation of Louisiana law and through the close of qualifying on February 13, 2026 (or upon certification thereafter following any withdrawal), were certified as the respective party nominees for three congressional districts and have now been disqualified solely as a consequence of Executive Order JML 26-038, with the resulting one-hundred-percent (100%) disenfranchisement of the affected party's qualified electors in those three districts in the November 3, 2026, general election;

c. To establish the harm to qualified candidates who qualified in contested primaries in reliance on the established election calendar, including Plaintiff Lindsay Garcia; and

d. To establish the substantial, ongoing, and particularized harm to Lauren Jewett, the qualifying Democratic candidate for the 1st Congressional District and the Democratic nominee on the November 3, 2026, general election ballot by operation of Louisiana law, including (i) Ms. Jewett's pursuit of ballot access through the nominating petition under Louisiana election law, commencing approximately ninety (90) days prior to the original close of qualifying; (ii) the continuous campaign organization, fundraising, retention of consultants, and Federal Election Commission reporting that Ms. Jewett has maintained without interruption since September 2025; (iii) Ms. Jewett's planned commencement of full-time campaign operations approximately three (3) weeks from the present, having already arranged to take leave from her ordinary employment for that purpose; and (iv) the operative cancellation by Executive Order JML 26-038 of the May 16, 2026, closed party primary in which Ms. Jewett qualified, and the operative removal of Ms. Jewett's name from the November 3, 2026 general election ballot to which she had advanced by operation of Louisiana law; and to establish the Equal Protection violation inflicted upon Ms. Jewett by the Executive Order's selective cancellation of only the federal congressional portion of the May 16, 2026, closed party primary, while the May 16, 2026, closed party primary continues to go forward as scheduled with respect to all other Louisiana offices subject to the closed party primary system, including the Louisiana Supreme Court (1st District), the Louisiana Public Service Commission (Districts 1 and 5), and the Louisiana Board of Elementary and Secondary Education (1st District), and unopposed candidates within those primaries.

## III. THE 2026 LOUISIANA CONGRESSIONAL ELECTION CYCLE BEGAN MONTHS BEFORE QUALIFYING CLOSED

3. Plaintiffs respectfully draw the Panel's attention to a foundational factual point that bears upon the scope of harm inflicted by Executive Order JML 26-038: the 2026 Louisiana congressional election cycle did not begin on the qualifying-period dates set by Louisiana law for the May 16, 2026, primary. The election cycle began substantially earlier and was substantially underway before qualifying closed.

4.      Under Louisiana election law, candidates seeking ballot access through nomination by petition under La. R.S. § 18:465 must commence the gathering of signatures from qualified electors of the relevant district approximately ninety (90) days prior to the close of the qualifying period. Candidates who qualify by paying the qualifying fee under La. R.S. § 18:464 are likewise required to organize their campaigns, secure pledged supporters, retain campaign staff, raise campaign funds, and prepare campaign infrastructure well in advance of the qualifying period itself. Federal Election Commission filings and Louisiana Board of Ethics filings demonstrate that candidate fundraising activity for the 2026 congressional cycle commenced no later than the third quarter of 2025.

5. By the time qualifying closed on February 13, 2026, the 2026 congressional election cycle had already been active for at least ninety (90) days under Louisiana law through the petition process and for at least one hundred eighty (180) days in practical campaign reality. Voters had been receiving petitions, candidate communications, fundraising solicitations, and campaign outreach for months. Candidates had committed substantial financial and personal resources in reliance on the established election calendar.

6.      The Executive Order, issued on April 30, 2026, did not interrupt an election cycle that was about to begin. It interrupted an election cycle that had been underway, in operative form, for approximately seven (7) months and was, by April 30, 2026, in its terminal pre-election phase, with absentee voting already in progress and in-person early voting scheduled to commence at 8:30 a.m. on May 2, 2026.

## IV. THREE CANDIDATES ARE ON THE NOVEMBER 3, 2026 GENERAL ELECTION BALLOT ALREADY AS THEIR RESPECTIVE PARTIES' NOMINEES BY OPERATION OF LOUISIANA LAW

7.      Under Louisiana's closed-party-primary system as it operated for the May 16, 2026, election, the operative statutory provision is La. R.S. § 18:410.9(A), enacted by Acts 2024, 1st Extraordinary Session, No. 1, and effective January 1, 2026. Section 18:410.9(A) provides, in relevant part, that '[i]f, after the close of the qualifying period for candidates in a party primary election, only one candidate qualified for the recognized major political party or only one candidate for the recognized major political party remains after the withdrawal of one or more candidates,

the candidate is declared the nominee' of that recognized major political party for the general election. Both prongs of Section 18:410.9(A) sole qualification at the close of qualifying, and sole remaining qualification after the withdrawal of one or more candidates, are independently satisfied by the public qualifying records of the Louisiana Department of State for the May 16, 2026, election in the 1st, 3rd, and 6th Congressional Districts.

8.      By operation of Louisiana law, and as a direct consequence of the close of qualifying on February 13, 2026, and the post-qualifying withdrawal of one Democratic candidate in the 1st Congressional District, the following three candidates are on the November 3, 2026, general election ballot already as their respective parties' nominees for the United States House of Representatives:

***A. Lauren Jewett, Democratic Nominee 1st Congressional District — On the Ballot Already.***

9.      Ms. Lauren Jewett of Metairie, Louisiana, qualified for the Democratic Party primary for the United States House of Representatives, 1st Congressional District, on February 11, 2026 (Public Records, Louisiana Department of State, Qualifying Records 2026). One additional candidate, James 'Jim' Long, also qualified for the Democratic Party primary in the same district. Mr. Long subsequently withdrew, with his status reflected on the official qualifying records of the Louisiana Department of State as 'Withdrew.' Upon Mr. Long's withdrawal and the resulting absence of any other qualifying candidate in the Democratic Party primary for the 1st Congressional District, Ms. Jewett became the sole remaining qualifying candidate in that primary. Pursuant to La. R.S. § 18:410.9(A), which expressly provides that '[i]f...only one candidate for the recognized major political party remains after the withdrawal of one or more candidates, the candidate is declared the nominee', Ms. Jewett is the Democratic nominee for the 1st Congressional District for the November 3, 2026, general election. Ms. Jewett is accordingly already on the November 3, 2026, general election ballot as the Democratic nominee for the 1st Congressional District by operation of Louisiana law.

10.     By the disqualification reflected in the Louisiana Department of State qualifying records (status: 'Other/Disq'), Ms. Jewett has been retroactively removed from the November 3, 2026, general election ballot solely as a consequence of Executive Order JML 26-038. Her removal disenfranchises one hundred percent (100%) of the qualified Democratic-affiliated voters of the

1st Congressional District as to the Democratic candidate's appearance on the November 3, 2026, general election ballot.

11.     Per the Louisiana Secretary of State, Statewide Report of Registered Voters dated May 1, 2026, the 1st Congressional District contains 522,493 qualified registered voters, of whom 129,612 are registered as Democratic-affiliated voters. The Executive Order's effective removal of Ms. Jewett from the November ballot disenfranchises all 129,612 Democratic voters of the 1st Congressional District as to the choice of Democratic candidate for the United States House of Representatives.

12.     The harm inflicted by Executive Order JML 26-038 upon Ms. Jewett is not a generalized candidate harm but is specific, substantial, and the product of a continuous course of campaign conduct extending back approximately seven (7) months prior to the issuance of the Executive Order. Ms. Jewett will testify at any merits hearing, in summary, as follows.

13.     Ms. Jewett pursued ballot access for the 1st Congressional District through the nominating petition under La. R.S. § 18:465, rather than through the qualifying-fee mechanism. Ms. Jewett commenced the gathering of nominating-petition signatures from qualified Louisiana electors approximately ninety (90) days prior to the close of the qualifying period as originally established by Louisiana law for the 2026 federal congressional primary cycle, that is, beginning in approximately October 2025, in reliance upon an originally scheduled qualifying close in January 2026. Ms. Jewett will testify that she organized signature-gathering operations, raised funds for that purpose, and personally engaged with qualified Louisiana voters to secure their signatures in support of her candidacy. By the close of qualifying, Ms. Jewett had gathered well in excess of the required signatures of qualified Louisiana voters in support of her candidacy.

14.     During the period in which Ms. Jewett was actively gathering nominating-petition signatures in reliance on the qualifying calendar then established by Louisiana law, the Louisiana Legislature amended Louisiana election law to alter the federal congressional qualifying calendar and the eligibility requirements for nominating-petition signatures. The amendment, in operative effect, (i) moved the close of the qualifying period from its originally scheduled date in January 2026 to February 11–13, 2026; (ii) expanded the pool of eligible nominating-petition signatories such that, with respect to candidates qualifying for closed party primaries, any registered voter

affiliated with the relevant political party in the State of Louisiana could nominate a candidate of that party for any congressional district; and (iii) operated retroactively to permit nominating-petition signatures gathered prior to the amendment to be applied to the new qualifying calendar and counted against the new signatory-eligibility rules. Ms. Jewett will testify that she relied upon those legislative changes in continuing her campaign through the new qualifying calendar and in completing her qualification under the amended rules.

15.    Ms. Jewett's campaign organization for the 2026 federal congressional cycle has been operative continuously since September 2025. Federal Election Commission filings, on file with the Federal Election Commission and publicly available, reflect campaign committee organization and quarterly disclosure filings by Ms. Jewett's authorized campaign committee beginning in the third quarter of 2025. Ms. Jewett has retained campaign consultants, conducted ongoing fundraising activities, built campaign messaging premised upon the existing 1st Congressional District boundaries and the record and conduct of the incumbent against whom she is running, and committed substantial personal and financial resources to the cycle. Ms. Jewett will testify that she has scheduled and is preparing to commence full-time campaign operations approximately three (3) weeks from the present, having already arranged to take leave from her ordinary employment for that purpose. The harm of Executive Order JML 26-038 is, accordingly, immediately and substantially exacerbated each day the Executive Order remains in operative effect.

16. Ms. Jewett will further testify that the harm to her is presently inflicted and accruing. Executive Order JML 26-038 has, with immediate effect, canceled the May 16, 2026, Democratic Party closed primary in which she qualified by nominating petition, and has operatively removed her name from the November 3, 2026, general election ballot to which she had advanced by operation of Louisiana law. The seven (7) months of continuous campaign organization, the more than two thousand (2,000) signatures gathered, the retention of consultants, the FEC-disclosed fundraising, and the substantial financial and personal resources Ms. Jewett has committed since September 2025 have been rendered inert by a unilateral executive proclamation that did not exist when Ms. Jewett qualified for the May 16, 2026, closed party primary and when she advanced to the November 3, 2026, general election ballot. The harm is concrete, particularized, and presently

inflicted, and is not subject to cure by any administrative rescheduling that does not restore Ms. Jewett to the November 3, 2026, general election ballot.

*B. Clay Higgins, Republican Nominee 3rd Congressional District — On the Ballot Already.*

17.     Representative Clay Higgins of Lafayette, Louisiana, qualified for the Republican Party primary for the United States House of Representatives, 3rd Congressional District, on February 11, 2026 (Public Records, Louisiana Department of State, Qualifying Records 2026). At the close of qualifying on February 13, 2026, Mr. Higgins was the sole qualifying candidate in the Republican Party primary for the 3rd Congressional District. Pursuant to La. R.S. § 18:410.9(A), which expressly provides that '[i]f, after the close of the qualifying period for candidates in a party primary election, only one candidate qualified for the recognized major political party..., the candidate is declared the nominee', Mr. Higgins is the Republican nominee for the 3rd Congressional District for the November 3, 2026, general election. Mr. Higgins is accordingly already on the November 3, 2026, general election ballot as the Republican nominee for the 3rd Congressional District by operation of Louisiana law.

18.     By the disqualification reflected in the Louisiana Department of State qualifying records (status: 'Other/Disq'), Mr. Higgins has been retroactively removed from the November 3, 2026, general election ballot solely as a consequence of Executive Order JML 26-038. His removal disenfranchises one hundred percent (100%) of the qualified Republican-affiliated voters of the 3rd Congressional District as to the Republican candidate's appearance on the November 3, 2026, general election ballot.

19.     Per the Louisiana Secretary of State, Statewide Report of Registered Voters dated May 1, 2026, the 3rd Congressional District contains 486,104 qualified registered voters, of whom 205,660 are registered as Republican-affiliated voters. The Executive Order's effective removal of Mr. Higgins from the November ballot disenfranchises all 205,660 Republican voters of the 3rd Congressional District as to the choice of the Republican candidate for the United States House of Representatives.

*C. Cleo Fields, Democratic Nominee 6th Congressional District — On the Ballot Already.*

**20.** Representative Cleo Fields of Baton Rouge, Louisiana, qualified for the Democratic Party primary for the United States House of Representatives, 6th Congressional District, on February 11, 2026 (Public Records, Louisiana Department of State, Qualifying Records 2026). At the close of qualifying on February 13, 2026, Mr. Fields was the sole qualifying candidate in the Democratic Party primary for the 6th Congressional District. Pursuant to La. R.S. § 18:410.9(A), which expressly provides that '[i]f, after the close of the qualifying period for candidates in a party primary election, only one candidate qualified for the recognized major political party..., the candidate is declared the nominee,' Mr. Fields is the Democratic nominee for the 6th Congressional District for the November 3, 2026, general election. Accordingly, Mr. Fields is already on the November 3, 2026, general election ballot as the Democratic nominee for the 6th Congressional District by operation of Louisiana law.

**21.** Plaintiffs respectfully note that the 6th Congressional District is the congressional district at the heart of Louisiana v. Callais, 608 U.S. ___ (2026). The Callais matter remains before the Three-Judge District Court for the Western District of Louisiana, which is awaiting receipt of the certified judgment from the Supreme Court of the United States under Supreme Court Rule 45.3 to proceed with further consideration consistent with the Supreme Court's ruling. As reflected in this Court's prior filings and the public dockets, that certified judgment has not yet been transmitted to the Western District panel.

**22.** By the disqualification reflected in the Louisiana Department of State qualifying records (status: 'Other/Disq'), Mr. Fields has been retroactively removed from the November 3, 2026 general election ballot solely as a consequence of Executive Order JML 26-038. Per the Louisiana Secretary of State, Statewide Report of Registered Voters dated May 1, 2026, the 6th Congressional District contains 481,191 qualified registered voters, of whom 243,576 are registered as Democratic-affiliated voters. The Executive Order's effective removal of Mr. Fields from the November ballot disenfranchises all 243,576 Democratic voters of the 6th Congressional District as to the choice of Democratic candidate for the United States House of Representatives.

## V. THE EXECUTIVE ORDER WORKS A FREE-STANDING EQUAL PROTECTION VIOLATION BY DIFFERENTIALLY TREATING SIMILARLY SITUATED

**UNOPPOSED CANDIDATES WHO QUALIFIED FOR THE NOVEMBER 3, 2026 BALLOT THROUGH THE IDENTICAL CLOSED-PARTY-PRIMARY MECHANISM**

23. Independent of and in addition to the federal preemption violations addressed in Section VII below, Executive Order JML 26-038 constitutes a separate and independent violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The State, through the Executive Order, has selectively canceled the May 16, 2026, closed party primary for federal congressional offices only, while leaving the May 16, 2026, closed party primary in effect for all other Louisiana offices subject to the closed party primary system, including the Louisiana Supreme Court, the Louisiana Public Service Commission, and the Louisiana Board of Elementary and Secondary Education. The State's selective cancellation, which singles out federal congressional offices, federal congressional candidates, and voters for differential and disfavorable treatment along a federal/state office axis, is unsupported by any rational basis whatsoever.

24. The 2026 Louisiana election cycle was the first cycle in which Louisiana's elections for federal congressional offices, the Louisiana Supreme Court, the Louisiana Public Service Commission, and the Louisiana Board of Elementary and Secondary Education were conducted under a closed partisan primary system. Under that system, candidates for each of those offices qualified for the May 16, 2026, closed party primary by filing notice of candidacy with the Louisiana Department of State during the same qualifying period that closed on February 13, 2026. Candidates who were the sole qualifier in their respective party primary at the close of qualifying advanced to the November 3, 2026, general election ballot by operation of Louisiana law and without any need to appear on the May 16, 2026, ballot. The closed-party-primary qualification mechanism was identical for federal congressional candidates, Louisiana Supreme Court candidates, Public Service Commission candidates, and Board of Elementary and Secondary Education candidates.

25. As of the date of this Memorandum, the May 16, 2026, closed party primary is presently scheduled to proceed and is going forward as to every Louisiana office subject to the closed party primary system, with the singular exception of the federal congressional offices. The Republican primary for the Louisiana Supreme Court 1st District, a contested race, is proceeding and is on the May 16, 2026, ballot. The closed party primaries for the Louisiana Public Service

Commission and the Louisiana Board of Elementary and Secondary Education are likewise going forward and are on the May 16, 2026 ballot, including the contested Republican primary for the Public Service Commission, District 1 (in which five candidates are vying for the Republican nomination), the contested Democratic and Republican primaries for the Public Service Commission, District 5, and the contested Republican primary for the Board of Elementary and Secondary Education, 1st District. Within those primaries, candidates who were the sole qualifier in their respective party primary at the close of qualifying, including incumbent Justice Cade R. Cole (Republican, Louisiana Supreme Court 3rd District), incumbent Justice Jay B. McCallum (Republican, Louisiana Supreme Court 4th District), and Connie Norris (Democrat, Louisiana Public Service Commission, District 1), advanced to the November 3, 2026, general election ballot by operation of Louisiana law and remain on that ballot. Class A, the class of candidates the State has chosen to leave on the November 3, 2026, general election ballot, accordingly comprises every Louisiana candidate for state office subject to the closed party primary system who qualified for the May 16, 2026, primary and either advanced to the November ballot as the sole qualifier in his or her primary.

26.     By contrast, the closed party primary for federal congressional offices scheduled for May 16, 2026, has been canceled in its entirety by Executive Order JML 26-038. The Executive Order, by its terms and in its operative effect, suspends only the federal congressional portion of the May 16, 2026, closed party primary. The Executive Order does not suspend, and does not purport to suspend, the May 16, 2026, closed party primary as to the Louisiana Supreme Court, the Louisiana Public Service Commission, or the Louisiana Board of Elementary and Secondary Education. The selective cancellation of the federal congressional portion of the May 16, 2026, primary has the further operative effect of removing the three federal congressional unopposed candidates, Lauren Jewett (Democrat, 1st Congressional District), Clay Higgins (Republican, 3rd Congressional District), and Cleo Fields (Democrat, 6th Congressional District), from the November 3, 2026, general election ballot. Class B, the class of candidates the State has chosen to remove from the November 3, 2026, general election ballot, accordingly comprises every federal congressional candidate who qualified for the May 16, 2026, closed party primary, including Plaintiff Garcia (whose contested primary in the 5th Congressional District has been canceled together with her ballot access) and the three unopposed nominees identified in Section IV above.

27.     Class A and Class B are similarly situated in every respect material to ballot access for the November 3, 2026, general election. Both classes qualified for the May 16, 2026, closed party primary by filing notice of candidacy with the Louisiana Department of State during the same qualifying period. Both classes were eligible for the same closed-party-primary qualifying mechanisms (qualifying fee or nominating petition). Class A and Class B unopposed candidates were the sole qualifiers in their respective party primary at the close of qualifying. Class A and Class B unopposed candidates were on the November 3, 2026, general election ballot by operation of Louisiana law. Contested candidates for Class A and Class B have invested in their primary campaigns under the same Louisiana election calendar. Both classes depend solely upon the November 3, 2026, general election to take office. The two classes are identical in every relevant respect, and yet the State has chosen, through Executive Order JML 26-038, to differentiate between them: Class A's May 16, 2026, closed party primary is going forward, and Class A's unopposed candidates remain on the November 3, 2026, general election ballot; Class B's May 16, 2026, closed party primary has been cancelled, and Class B's unopposed candidates have been removed from the November 3, 2026 general election ballot.

28.     The State's stated rationale for Executive Order JML 26-03, namely the Secretary of State's certification under La. R.S. § 18:401.1(B) that the May 16, 2026, closed party primary for federal congressional offices cannot be conducted as scheduled in light of the Supreme Court's decision in Louisiana v. Callais, does not justify the differential treatment of Class A and Class B because:

a.  The State is, by undisputed fact, conducting the May 16, 2026, closed party primary for Louisiana Supreme Court, Public Service Commission, and Board of Elementary and Secondary Education offices. The State's continuing administration of the May 16, 2026, primary for those state offices conclusively demonstrates that the State has both the administrative resources and the operational capacity to conduct the May 16, 2026, closed party primary as scheduled. The State's claim of administrative inability is therefore demonstrably false on its face;

b.  The State has demonstrated, through its conduct, that it is fully capable of preserving both unopposed-candidate ballot access and contested-primary administration in the precise procedural circumstances that Class B faces; and

c. The differential treatment falls along a federal/state office axis, with federal congressional candidates singularly disfavored, implicating not only the Equal Protection Clause but also the Elections Clause, U.S. Const. art. I, § 4, cl. 1, and the federal preemption framework addressed in Section VII below.

29. Plaintiffs respectfully submit that the Executive Order's selective cancellation and the resulting differential treatment of Class A and Class B are subject to heightened scrutiny because they implicate the fundamental right of qualified voters to cast a meaningful vote and the fundamental right of qualified candidates to ballot access. See Bush v. Gore, 531 U.S. 98, 104–05 (2000) (per curiam) (state may not, by 'arbitrary and disparate treatment,' value one person's vote over another); Williams v. Rhodes, 393 U.S. 23, 30–31 (1968) (state action burdening 'the right of qualified voters, regardless of their political persuasion, to cast their votes effectively' must be subjected to strict scrutiny); Lubin v. Panish, 415 U.S. 709, 716 (1974) (limitations upon ballot access subject to careful examination). Even under the most deferential standard of review, the Executive Order's selective cancellation fails: the State has identified no rational basis for cancelling only the federal congressional portion of the May 16, 2026, closed party primary while continuing to administer the May 16, 2026, closed party primary for the Louisiana Supreme Court, the Public Service Commission, and the Board of Elementary and Secondary Education, and no rational basis for treating these candidates differently from Lauren Jewett, Clay Higgins, and Cleo Fields with respect to their appearance on the November 3, 2026, general election ballot.

30. An evidentiary hearing would permit Plaintiffs to develop the factual record establishing the identity of statutory mechanism between Class A and Class B (through the testimony of the Custodian of Records of the Louisiana Department of State); the State's continuing administration of the May 16, 2026, closed party primary for Louisiana Supreme Court, Public Service Commission, and Board of Elementary and Secondary Education offices notwithstanding the Executive Order (through the same custodian and through the testimony of Defendant Nancy Landry as Secretary of State); the operative effect of the Executive Order in cancelling only the federal congressional portion of the primary while leaving Class A on the November ballot and removing Class B from the November ballot (through the same testimony); the absence of any rational basis advanced by the State for the selective cancellation and the differential treatment that flows from it (through the testimony of Defendant Jeff Landry as

Governor and the testimony of Defendant Nancy Landry as Secretary of State); and the candidate-side experience of the differential treatment as borne by candidates of both political parties, through the testimony of Plaintiff Lindsay Garcia (Democratic candidate, 5th Congressional District) and the testimony of Lauren Jewett (Democratic nominee, 1st Congressional District), each of whom is or was on the November 3, 2026, general election ballot for a federal congressional office and each of whom is operatively removed therefrom by the Executive Order, while Justice Cole, Justice McCallum, and Ms. Norris remain on that same November 3, 2026 ballot for non-federal offices undisturbed.

## VI. THE EXECUTIVE ORDER INFLICTS BIPARTISAN, STATEWIDE, AND ONE-HUNDRED-PERCENT HARM ON THE QUALIFIED VOTERS OF THREE CONGRESSIONAL DISTRICTS

**31.** The harm inflicted by Executive Order JML 26-038 is not partisan, is not asymmetric, and is not selective by political affiliation in the manner the State's framing of the Executive Order would suggest. The Executive Order disenfranchises:

a. One hundred percent (100%) of the qualified Republican-affiliated voters of the 3rd Congressional District as to the Republican nominee on the November 3, 2026, general election ballot — approximately 205,660 voters;

b. One hundred percent (100%) of the qualified Democratic-affiliated voters of the 1st Congressional District as to the Democratic nominee on the November 3, 2026, general election ballot — approximately 129,612 voters; and

c. One hundred percent (100%) of the qualified Democratic-affiliated voters of the 6th Congressional District as to the Democratic nominee on the November 3, 2026, general election ballot — approximately 243,576 voters.

**32.** In aggregate, the Executive Order disenfranchises 578, 578,848 qualified Louisiana voters regarding the selection of nominees in their respective congressional districts on the November 3, 2026, general election ballot. Plaintiffs respectfully note that this aggregate figure of 578, 848 is derived from the Louisiana Secretary of State' s Statewide Report of Registered Voters dated May 1, 2026, and reflects registered voters of the affected party in each affected district as of that date. The 578,848 figure does not include the tens of thousands of absentee ballots that, as

of the date of this Memorandum, have already been returned to parish registrars and clerks of court for the May 16, 2026, election. Plaintiffs anticipate establishing at any merits hearing, through the testimony of Defendant Nancy Landry, as Secretary of State, or through a designated representative of the Elections Division of the Louisiana Department of State, the precise number of returned ballots, the federal- law protected status of those ballots (including UOCAVA- protected ballots and La. R. S. § 18: 1303- protected ballots), and the operational impossibility of selectively voiding the federal congressional contest on each such returned ballot. The Executive Order additionally affects an unknown number, reasonably estimated in the thousands, of qualified electors in the protected categories under La. R. S. § 18: 1303 (electors aged sixty- five (65) and over, hospitalized electors, disabled electors, and students at out- of- state institutions) and the federally protected categories under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U. S. C. § 20301 et seq. (active- duty members of the Armed Forces and the uniformed services, the Merchant Marine, their spouses and dependents, and United States citizens residing outside the United States), each of whom received an absentee ballot by mail under La. R. S. § 18: 1303 in advance of the May 16, 2026, election. The disenfranchisement is bipartisan in scope (affecting both Republican and Democratic voters), statewide in operation (affecting north Louisiana, south Louisiana, and central Louisiana), and absolute as to the affected nominees in those three districts.

33. Plaintiffs respectfully submit that Defendants cannot describe Executive Order JML 26-038 as a temporary or curable measure with respect to these three districts. The qualifying period closed on February 13, 2026. Each of these three candidates is on the November 3, 2026, general election ballot already by operation of Louisiana law, Mr. Higgins and Mr. Fields by virtue of being the sole qualifier in the respective party primary at the close of qualifying, and Ms. Jewett by virtue of being the sole remaining qualifier in the Democratic primary for the 1st Congressional District following Mr. Long's withdrawal. The Executive Order's effective removal of each from the ballot, without any provision for restoration, replacement, or alternative qualifying period, is not a postponement; it is, with respect to these three districts, a cancellation of an established ballot.

## VII. THE FEDERAL PREEMPTION QUESTIONS RAISED BY THE EXECUTIVE ORDER ARE COMPREHENSIVE

34. Plaintiffs would put on evidence at any merits hearing addressing the federal preemption questions raised by Executive Order JML 26-038. The Executive Order operates upon

the November 3, 2026, federal congressional general election. That election is governed by, and protected under, a comprehensive framework of federal election law that preempts inconsistent state action. The federal preemption framework includes, without limitation:

a. The Elections Clause, U.S. Const. art. I, § 4, cl. 1, which vests authority over the times, places, and manner of congressional elections in 'the Legislature thereof' of each State, subject to congressional override, and which under Smiley v. Holm, 285 U.S. 355 (1932), permits state Governors only the limited gubernatorial role contemplated by the State's ordinary lawmaking process, not unilateral executive action by emergency proclamation;

b. 2 U.S.C. § 1, which sets the federally designated date for federal elections of Senators;

c. 2 U.S.C. § 7, which sets the federally designated date for federal elections of Representatives, the first Tuesday after the first Monday in November in every even-numbered year, and which under Foster v. Love, 522 U.S. 67 (1997), preempts inconsistent state efforts to alter the timing or operative effect of that federally designated date;

d. The Voting Rights Act, 52 U.S.C. § 10301 et seq., including without limitation Section 2 (52 U.S.C. § 10301), which prohibits any state action that results in the denial or abridgment of the right to vote on the basis of race or color;

e. The Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq., which establishes federal protection for the absentee ballots of active-duty members of the Armed Forces, the Merchant Marine, the uniformed services, their spouses and dependents, and United States citizens residing outside the United States, and which preempts state action that operates to void or selectively sever any portion of those federally protected ballots;

f. The Help America Vote Act, 52 U.S.C. § 20901 et seq., which establishes federal standards for the administration of federal elections, including the protection of provisional voting and the reliability of voting systems;

g. The National Voter Registration Act, 52 U.S.C. § 20501 et seq., which establishes federal standards for voter registration and the maintenance of registration rolls;

h. The Fourteenth Amendment to the United States Constitution, including the Due Process Clause as applied to vested state-created entitlements under Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), and the Equal Protection Clause as applied to selective state treatment of identical ballots under Bush v. Gore, 531 U.S. 98 (2000); and

i. The Fifteenth Amendment to the United States Constitution, which prohibits the denial or abridgement of the right to vote on account of race or color.

35. An evidentiary hearing would permit Plaintiffs to develop the factual record bearing upon each of these federal preemption questions, including (i) the specific federal-law protected status of each affected absentee voter (e.g., UOCAVA-protected military voter, elderly absentee voter, etc.); (ii) the operational effect of selectively voiding one contest on a sealed federal-law-protected ballot; (iii) the disproportionate impact upon Black voters in the 6th Congressional District, raising specific questions under Section 2 of the Voting Rights Act and the Fifteenth Amendment; and (iv) the operational impossibility of preserving the November 3, 2026 federal-statutorily-designated general election date in the affected districts when the operative state action has cancelled the primary nomination process by which candidates qualified for that general election.

## VIII. ANTICIPATED WITNESSES

36. Plaintiffs anticipate calling the following witnesses, in approximately the following order, in the event the Panel reaches the merits and grants an evidentiary hearing:

(1). Plaintiff Lindsay Garcia. Testimony as to: (i) qualification for the 5th Congressional District Democratic primary; (ii) sunk campaign expenditures incurred before the Executive Order was issued; (iii) loss of ballot access mid-cycle; (iv) harm to Ms. Garcia's constituents in the 5th Congressional District; (v) the operational impossibility of meaningfully restarting her primary campaign on a remedial schedule consistent with a November 3, 2026 general election; and (vi) the disparate treatment of Ms. Garcia, as a candidate for federal congressional office, compared with similarly situated

unopposed candidates for non-federal offices on the same May 16, 2026 ballot whose names remain on the November 3, 2026 general election ballot, and with the candidates participating in the May 16, 2026 closed party primaries for the Louisiana Supreme Court (1st District), Public Service Commission (Districts 1 and 5), Board of Elementary and Secondary Education (1st District), and United States Senate, which the State is presently administering as scheduled notwithstanding the Executive Order.

(1A). Lauren Jewett, the Democratic nominee for the 1st Congressional District by operation of Louisiana law, is expected to be added as a Plaintiff or to appear as a non-party witness at any merits hearing. Testimony will address: (i) Ms. Jewett's pursuit of ballot access through the nominating petition under La. R.S. § 18:465; (ii) her commencement of nominating-petition signature gathering approximately ninety (90) days prior to the original close of qualifying, that is, beginning in approximately October 2025; (iii) her gathering of well in excess of the required number of signatures of qualified Louisiana voters; (iv) the mid-cycle Louisiana legislative amendment that altered the qualifying calendar and the eligibility requirements for nominating-petition signatures and that operated retroactively as to signatures gathered prior to the amendment; (v) Ms. Jewett's continuous campaign operation since September 2025, including Federal Election Commission committee organization and quarterly disclosure filings, retention of campaign consultants, ongoing fundraising, development of campaign messaging premised upon the existing 1st Congressional District boundaries and the incumbent against whom she is running, and substantial committed personal and financial resources; (vi) Ms. Jewett's planned commencement of full-time campaign operations approximately three (3) weeks from the present, including her arrangements to take leave from her ordinary employment for that purpose; (vii) the operative effect of Executive Order JML 26-038 in canceling the May 16, 2026, closed party primary in which Ms. Jewett qualified by nominating petition and in operatively removing her name from the November 3, 2026, general election ballot to which she had advanced by operation of Louisiana law, and the resulting present and continuing harm to her seven (7) months of continuous campaign organization and her substantial financial and personal investment in the cycle; and (viii) the disparate treatment of Ms. Jewett — whose name has been operatively

removed from the November 3, 2026, general election ballot, as compared with similarly situated unopposed candidates, whose names remain on the November 3, 2026, general election ballot, and as compared with the candidates participating in the May 16, 2026, closed party primaries for the Louisiana Supreme Court, the Public Service Commission, and the Board of Elementary and Secondary Education, which primaries the State is presently administering as scheduled notwithstanding the Executive Order.

**(2).** Plaintiff Eugene Collins, Jr., Testimony as a qualified voter of East Baton Rouge Parish and registered Democrat who intended to vote in the party primary,

**(3).** The Registrar of Voters of East Baton Rouge Parish (or, in the alternative, the Registrar of Voters of another similarly situated Louisiana parish). Testimony as a non-partisan election official as to the volume of absentee ballots received, the categories of qualified electors to whom those ballots have been issued (including UOCAVA voters), the operational guidance received from the Louisiana Department of State following the Executive Order, and the practical impossibility of selectively voiding one contest on a sealed absentee ballot. Subpoena under Federal Rule of Civil Procedure 45 will be issued promptly upon entry of an Order setting a hearing.

**(4).** The Clerk of Court of East Baton Rouge Parish (or, in the alternative, the Clerk of Court of another similarly situated Louisiana parish). Testimony as a non-partisan election official as to the chain of custody for absentee ballots under La. R.S. §§ 18:1306 and 18:1307 and the physical impossibility of selectively voiding one contest on a sealed instrument. Subpoena under Federal Rule of Civil Procedure 45 will be issued promptly upon entry of an Order setting a hearing.

**(5).** A Custodian of Records of the Louisiana Department of State. Testimony as to: (i) the official qualifying records reflecting that, following the close of qualifying on February 13, 2026 and the post-qualifying withdrawal of James 'Jim' Long, Lauren Jewett was the sole remaining qualifying candidate in the Democratic Party primary for the 1st Congressional District; Clay Higgins was the sole qualifying candidate in the Republican Party primary for the 3rd Congressional District; and Cleo Fields was the sole qualifying candidate in the Democratic Party primary for the 6th Congressional

District; (ii) the official qualifying records reflecting that incumbent Justice Cade R. Cole was the sole qualifying candidate in the Republican primary for the Louisiana Supreme Court 3rd District; that incumbent Justice Jay B. McCallum was the sole qualifying candidate in the Republican primary for the Louisiana Supreme Court 4th District; and that Connie Norris was the sole qualifying candidate in the Democratic primary for the Louisiana Public Service Commission, District 1, and that all three of Justice Cole, Justice McCallum, and Ms. Norris advanced to the November 3, 2026 general election ballot without appearing on the May 16, 2026 ballot; (iii) the contests presently going forward on the May 16, 2026 closed party primary ballot, including the Republican primary for the Louisiana Supreme Court 1st District (William H. Burris versus Blair Downing Edwards), the Republican primary for the Louisiana Public Service Commission, District 1 (five candidates), the Democratic and Republican primaries for the Louisiana Public Service Commission, District 5, the Republican primary for the Louisiana Board of Elementary and Secondary Education, 1st District, the United States Senate primaries, and various local and municipal contests, and the State's continued administration of the May 16, 2026 election for those contests notwithstanding the suspension of the federal congressional portion of that primary; (iv) the operative effect of Executive Order JML 26-038 in removing Lauren Jewett, Clay Higgins, and Cleo Fields from the November 3, 2026 general election ballot while leaving Justice Cole, Justice McCallum, and Ms. Norris on the November 3, 2026 general election ballot; and (v) the Department of State's Statewide Report of Registered Voters dated May 1, 2026 and the registration figures for each affected congressional district. Subpoena under Federal Rule of Civil Procedure 45 will be issued promptly upon entry of an Order setting a hearing.

(5A).  A designated representative of the Elections Division of the Louisiana Department of State. Testimony, in the alternative or cumulative to the testimony of Defendant Nancy Landry, as to: (i) the volume of absentee ballots issued by mail under La. R.S. § 18:1303 and under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq., for the May 16, 2026, closed party primary, statewide and broken down by congressional district to the extent reasonably available, in advance of the issuance of Executive Order JML 26-038; (ii) the volume of those absentee ballots

that have, as of the date of the hearing, been completed, sealed, returned, and received by parish Registrars of Voters of the sixty-four (64) parishes of Louisiana (anticipated to number in the tens of thousands); (iii) the categorical breakdown of the returned ballots among the categories of qualified electors enumerated in La. R.S. § 18:1303 (electors aged sixty-five (65) and over, hospitalized electors, disabled electors, and students at out-of-state institutions) and the federally protected categories under 52 U.S.C. § 20301 et seq. (active-duty members of the Armed Forces and the uniformed services, the Merchant Marine, their spouses and dependents, and United States citizens residing outside the United States); (iv) the federal-law protected status of those returned ballots, including without limitation the rights afforded to military and overseas voters under the Uniformed and Overseas Citizens Absentee Voting Act and the protections afforded to absentee voters under the Help America Vote Act, 52 U.S.C. § 20901 et seq.; and (v) the operational and procedural implications, from the standpoint of the Elections Division, of Executive Order JML 26-038's purported selective voiding of the federal congressional contest on each such returned ballot. Subpoena under Federal Rule of Civil Procedure 45 will be issued promptly upon entry of an Order setting a hearing.

(5B).    A custodian of records or designated representative of the Elections Division of the Louisiana Department of State. Testimony as to: (i) the number of absentee ballots issued by mail under La. R.S. § 18:1303 for the May 16, 2026, election, broken down by congressional district and by category of qualified elector; (ii) the number of absentee ballots that have been returned to parish registrars and clerks of court as of the date of testimony, anticipated to number in the tens of thousands; (iii) the federal-law protected status of those returned ballots under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq., and La. R.S. § 18:1303; (iv) the State's continuing administration of the May 16, 2026 closed party primary as to the Louisiana Supreme Court (including the contested Burris–Edwards primary in Louisiana Supreme Court 1st District), the Louisiana Public Service Commission, and the Louisiana Board of Elementary and Secondary Education, notwithstanding the Executive Order; and (v) the operational impossibility of selectively voiding the federal

congressional contest on each such returned ballot. Subpoena under Federal Rule of Civil Procedure 45 will be issued promptly upon entry of an Order setting a hearing.

(6). Defendant Nancy Landry, called as an adverse witness in her official capacity as Secretary of State of the State of Louisiana. Examination as to the factual basis for her certification of 'emergency' under La. R.S. § 18:401.1(B); her published Suspension Announcement; the operational guidance issued by her office to parish registrars and clerks of court; the volume of absentee ballots issued by mail and the volume of absentee ballots returned to parish registrars and clerks of court for the May 16, 2026, election (anticipated to number in the tens of thousands); the federal-law protected status of those returned ballots; the operational impossibility of selectively voiding the federal congressional contest on each such returned ballot; her understanding that the Executive Order operatively canceled only the federal congressional portion of the May 16, 2026, closed party primary, while the May 16, 2026, closed party primary continues to be administered by her office as scheduled with respect to the Louisiana Supreme Court (1st District), the Louisiana Public Service Commission (Districts 1 and 5), the Louisiana Board of Elementary and Secondary Education (1st District), the United States Senate, and various local and municipal contests; her understanding that the Executive Order operatively removed the three federal congressional unopposed nominees (Higgins, Jewett, Fields) from the November 3, 2026, general election ballot, while similarly situated unopposed nominees of state offices remain on that ballot; the State's preparation, if any, of a remedial congressional map; and the State's communications with the Three-Judge Court for the Western District of Louisiana, the Robinson Intervenors, and the Callais Plaintiffs.

(7). Defendant Jeff Landry, called as an adverse witness in his official capacity as Governor of the State of Louisiana. Examination as to the factual and legal basis for his issuance of Executive Order JML 26-038; the deliberative process and consultation, if any, with the Louisiana Legislature; the basis for his determination that the conditions of La. R.S. § 18:401.1(B) were met; his understanding that, under the State's continuing administration of the May 16, 2026, closed party primary for the Louisiana Supreme Court, the Public Service Commission, and the Board of Elementary and Secondary

Education, the State possesses both the administrative resources and operational capacity to conduct the May 16, 2026, closed party primary as scheduled; his rationale, if any, for selectively cancelling only the federal congressional portion of the May 16, 2026, closed party primary; his understanding of the operational effect of the Executive Order on the more than one hundred thousand absentee ballots already mailed under La. R.S. § 18:1303 and the tens of thousands of such ballots already returned to parish registrars and clerks of court; his understanding that the Executive Order operatively removes Republican nominee Higgins, Democratic nominee Jewett, and Democratic nominee Fields from the November 3, 2026, general election ballot while leaving Republican Justice Cole and Republican Justice McCallum on that ballot notwithstanding the cancellation of their May 16, 2026, closed party primaries; the basis for the selectivity provided in Section 3 of the Executive Order; the rational basis, if any, for the disparate treatment of similarly situated unopposed candidates; and the Governor's plans, if any, for the conduct of federal congressional elections during the period from May 16, 2026, through November 3, 2026.

**(8).** Voters who have already cast votes in the May 16, 2026, congressional party primaries, including Judith A. Howard, Dubach, LA; George Malcolm Butler, Ruston, LA; Veda B. Emerson Grambling, LA; David Broussard, Ruston, LA;  Suzanne Broussard, Ruston, LA.

## IX. NOTICE TO ALL PARTIES AND RESERVATION

37.     Plaintiffs file this Memorandum at the earliest practicable moment to put all parties, Defendants, the Robinson Intervenors, and Callais Plaintiffs in the related Western District proceeding, and any other interested party, on early notice of Plaintiffs' anticipated witness list and of the comprehensive scope of the federal preemption and Equal Protection questions Plaintiffs would seek to develop, in the event the Panel reaches the merits. Plaintiffs respectfully submit that early notice serves judicial economy, allows for orderly preparation by all parties, and minimizes any disruption to the briefing schedule established at Document 8.

38.     Plaintiffs respectfully reserve the right to seek leave to amend the Verified Complaint to add as an additional plaintiffs, including the candidate identified in Section IV above

(Lauren Jewett), in the event any of those candidates wishes to join the action and assert claims arising out of the Executive Order's operative removal of his or her name from the November 3, 2026, general election ballot. Plaintiffs further reserve the right to modify the foregoing witness list as the proceedings develop, including the addition of voter witnesses representing the categories of qualified absentee electors identified above (in particular, UOCAVA voters and elderly absentee voters), the addition of expert witnesses on questions of federal preemption and election administration, and the substitution of equivalent parish-level witnesses as scheduling and availability require.

## X. CONCLUSION

Executive Order JML 26-038 is not, and cannot be characterized as, a temporary postponement of an election. As demonstrated by the public records of the Louisiana Department of State, the Executive Order operatively removes from the November 3, 2026, federal congressional general election ballot three candidates, Republican Clay Higgins of the 3rd Congressional District, Democrat Lauren Jewett of the 1st Congressional District, and Democrat Cleo Fields of the 6th Congressional District, each of whom is on that November ballot already by operation of Louisiana law. The Executive Order operatively disenfranchises one hundred percent (100%) of the qualified voters of those three districts, on a bipartisan basis, with respect to their choice of party nominee for the United States House of Representatives, totaling 578,848 qualified Louisiana voters as registered as of May 1, 2026. That registered-voter aggregate of 578,848 does not include the additional, separate, and substantial harm inflicted upon those qualified electors who have already cast their ballot in the May 16, 2026, election by absentee ballot. Plaintiffs anticipate establishing, through the testimony of Defendant Nancy Landry as Secretary of State or, in the alternative or cumulative, through a designated representative of the Elections Division of the Louisiana Department of State, that the Office of the Secretary of State and the parish Registrars of Voters of the sixty-four (64) parishes of Louisiana issued, by mail under La. R.S. § 18:1303 and under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq., a substantial volume of absentee ballots in advance of the issuance of Executive Order JML 26-038, and that a substantial portion of those ballots, anticipated to number in the tens of thousands, have already been completed, sealed, returned, and received by the parish Registrars. Each such returned ballot constitutes a vote already cast in the May 16, 2026, election, and the

Executive Order purports to selectively void the federal congressional contest on each such returned ballot.

The Executive Order further works a free-standing Equal Protection violation by selectively cancelling only the federal congressional portion of the May 16, 2026, closed party primary while the State continues to administer the May 16, 2026 closed party primary as scheduled for the Louisiana Supreme Court (1st District, the contested Republican primary), the Louisiana Public Service Commission (Districts 1 and 5, contested in both parties or by multiple candidates), the Louisiana Board of Elementary and Secondary Education (1st District, contested Republican primary), the United States Senate, and various local and municipal contests, together with five (5) proposed amendments to the Louisiana Constitution. Within the May 16, 2026, closed party primary system, similarly situated unopposed candidates advanced to the November 3, 2026, general election ballot by operation of Louisiana law and remain on that ballot. By contrast, the unopposed federal congressional nominees, Lauren Jewett, Clay Higgins, and Cleo Fields, have been operatively removed from the November 3, 2026, general election ballot. The State has identified no rational basis for canceling only the federal congressional portion of the May 16, 2026, primary while administering the balance of that primary as scheduled, and no rational basis for treating unopposed state candidates differently from Lauren Jewett, Clay Higgins, and Cleo Fields with respect to their appearance on the November 3, 2026, general election ballot. The selective treatment cannot survive any standard of constitutional review.

The harm has already accrued, is presently inflicted, and will not be cured by any rescheduling of the May 16 primary that does not restore the disqualified nominees to the ballot. The harm to Lauren Jewett, in particular, has accumulated continuously since September 2025 through the gathering of more than the required nominating-petition signatures, the establishment and continuous operation of an FEC-registered campaign committee, the retention of campaign consultants, ongoing fundraising, and the imminent commencement of full-time campaign operations approximately three (3) weeks from the present. The Executive Order has, with immediate effect, canceled the May 16, 2026, Democratic Party closed primary in which Ms. Jewett qualified by nominating petition and operatively removed her name from the November 3, 2026, general election ballot to which she had advanced by operation of Louisiana law. Each day the Executive Order remains in operative effect compounds the harm to her continuous campaign

organization, her substantial financial and personal investment in the cycle, and her ballot access for November.

Plaintiffs respectfully advise the Panel that no evidentiary hearing is requested on jurisdiction or transfer, and that, if the Panel reaches the merits, Plaintiffs request a one-day evidentiary hearing for the testimony of the witnesses identified above. Plaintiffs file this Amended Memorandum at the earliest practicable moment to put all parties on notice of the substantially broader scope of the harm inflicted by the Executive Order, bipartisan, statewide, presently inflicted upon three congressional districts, and in violation of the Equal Protection Clause as a consequence of the State's selective cancellation of only the federal congressional portion of the May 16, 2026 closed party primary while the State continues to administer the May 16, 2026, closed party primary as scheduled for the Louisiana Supreme Court, the Louisiana Public Service Commission, and the Louisiana Board of Elementary and Secondary Education.

Respectfully submitted

RESPECTFULLY SUBMITTED,

*/s/ Jamar Lanier Ennis*
JAMAR LANIER ENNIS
La. Bar Roll #37455
**Ennis Law Firm, LLC**
412 N. 4th Street, Suite 102
Baton Rouge, Louisiana 70801
Phone: (225) 400-6600
Fax: (225) 308-2053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2026, a copy of the foregoing Amended Memorandum was served upon all counsel of record by the Court's CM/ECF system, including counsel for Defendants at the Office of the Solicitor General of Louisiana, Louisiana Department of Justice; the Office of the Governor of Louisiana, Attn: Executive Counsel; and the Louisiana Department of State, Attn: General Counsel.