**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| EUGENE COLLINS, JR., and LINDSAY GARCIA, | CIVIL ACTION |
| Plaintiffs, | NO. 3:26-cv-00471-SDD-RLB |
| v. | THREE-JUDGE PANEL (28 U.S.C. § 2284) |
| JEFF LANDRY, in his official capacity as Governor of the State of Louisiana, and NANCY LANDRY, in her official capacity as Secretary of State of the State of Louisiana, Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs EUGENE COLLINS, JR. and LINDSAY GARCIA, who respectfully move this Honorable Three-Judge Panel for leave to file the Amended Verified Complaint attached hereto as Exhibit A and to add eleven (11) additional Plaintiffs. In support of this Motion, Plaintiffs aver as follows:

**I. INTRODUCTION**

1. This Motion is filed promptly and well within the period contemplated by Federal Rule of Civil Procedure 15(a)(1) for amendment as a matter of course; in the alternative, Plaintiffs respectfully request leave to amend under Federal Rule of Civil Procedure 15(a)(2), which directs that leave should be 'freely give[n] when justice so requires.'

2. The proposed Amended Verified Complaint, attached hereto as Exhibit A, adds eleven (11) additional Plaintiffs to the action, eight (8) candidates for the United States House of Representatives whose May 16, 2026, closed party primaries have been suspended by Executive Order JML 26-038 and whose names have been operatively removed (in the case of unopposed nominees) or whose primary opportunity has been operatively cancelled (in the case of contested-primary candidates) by the Executive Order; and three (3) candidates for the United States Senate whose May 16, 2026, closed party primary continues to go

forward as scheduled and who serve as walking Class A comparators within the federal office category itself, demonstrating that the Executive Order's selective suspension of the U.S. House portion of the federal closed party primary cannot be justified by anything inherent to federal offices.

3. Each of the eleven (11) proposed additional Plaintiffs has agreed to be added to this action as a named Plaintiff and has authorized undersigned counsel to so move. The proposed Amended Verified Complaint includes a verification page for each Plaintiff, to be executed and filed forthwith upon entry of this Court's Order granting leave to amend.

## II. PROCEDURAL POSTURE

4. Plaintiffs Eugene Collins, Jr. and Lindsay Garcia filed their original Complaint with this Court on April 30, 2026, challenging the constitutionality and lawfulness of Executive Order JML 26-038, issued by Defendant Jeff Landry on April 30, 2026, which purported to suspend the May 16, 2026, closed party primary election only as to federal congressional offices (the U.S. House of Representatives) while leaving the same May 16, 2026, closed party primary going forward as scheduled for every other office on the ballot, including the United States Senate, the Louisiana Supreme Court (1st District), the Louisiana Public Service Commission (Districts 1 and 5), the Louisiana Board of Elementary and Secondary Education (1st District), and various local and municipal contests, together with five (5) proposed amendments to the Louisiana Constitution.

5. On May 1, 2026, the Three-Judge Panel constituted under 28 U.S.C. § 2284 entered its Organizing Order (Doc. 8) establishing an expedited case management schedule. Defendants' Opposition to the Motion for Temporary Restraining Order and Plaintiffs' Opposition to Defendants' Motion to Transfer are due on May 5, 2026. The reply deadlines are set for May 7, 2026.

6. This Motion and the proposed Amended Verified Complaint are filed in advance of any hearing date and at the earliest practicable moment following the agreement of each of the eleven (11) proposed additional Plaintiffs to be added to this action. No party will be prejudiced by the proposed amendment.

### III. THE ELEVEN PROPOSED ADDITIONAL PLAINTIFFS

7.    The eleven (11) proposed additional Plaintiffs and the offices for which they have qualified are as follows:

| Proposed Plaintiff | Office Sought | Primary Status / Class |
| --- | --- | --- |
| Lauren Jewett | U.S. House — 1st Cong. Dist. | Democratic nominee (sole remaining qualifier post-withdrawal); operatively removed |
| John Day | U.S. House — 3rd Cong. Dist. | Democratic primary candidate (contested); primary cancelled |
| Conrad Cable | U.S. House — 4th Cong. Dist. | Democratic primary candidate (contested); primary cancelled |
| Matt Gromlich | U.S. House — 4th Cong. Dist. | Democratic primary candidate (contested); primary cancelled |
| Jessee Fleenor | U.S. House — 5th Cong. Dist. | Democratic primary candidate (contested); primary cancelled |
| Larry Foy | U.S. House — 5th Cong. Dist. | Democratic primary candidate (contested); primary cancelled |
| Dan McKay | U.S. House — 5th Cong. Dist. | Democratic primary candidate (contested); primary cancelled |
| Cleo Fields | U.S. House — 6th Cong. Dist. | Democratic nominee (sole qualifier under § 18:410.9(A)); operatively removed |
| Jamie Davis | U.S. Senate | Democratic primary candidate; May 16 primary going forward (Class A comparator) |
| Nick Albares | U.S. Senate | Democratic primary candidate; May 16 primary going forward (Class A comparator) |
| Gary Crockett | U.S. Senate | Democratic primary candidate; May 16 primary going forward (Class A comparator) |

### IV. GROUNDS FOR AMENDMENT

8.    The proposed amendment is appropriate, timely, and supported by the following grounds:

9.    FIRST, the proposed additional Plaintiffs each have a direct, personal, and concrete stake in the outcome of this litigation. Eight (8) of the eleven (11) proposed additional Plaintiffs are candidates for the U.S. House of Representatives whose May 16, 2026, closed party

primaries have been suspended by the Executive Order, and two (2) of those eight (8), Lauren Jewett and Cleo Fields, are unopposed nominees whose names have been operatively removed from the November 3, 2026 general election ballot to which they advanced by operation of La. R.S. § 18:410.9(A). The Executive Order has caused, is causing, and will continue to cause each of these candidate-Plaintiffs concrete, particularized, and ongoing harm to their candidacies, campaign organizations, and ballot access.

10. SECOND, the addition of the three (3) U.S. Senate Democratic primary candidates — Plaintiffs Jamie Davis, Nick Albares, and Gary Crockett, materially strengthens the factual record on Plaintiffs' Equal Protection claim. The U.S. Senate Democratic primary is going forward on May 16, 2026, with early voting having opened at 8:30 a.m. on Saturday, May 2, 2026, under the same closed party primary statutory framework (Acts 2024, 1st Extraordinary Session, No. 1) and on the same May 16, 2026, ballot as the suspended U.S. House primaries. The continued administration of the U.S. Senate primary alongside the suspended U.S. House primary demonstrates conclusively that the Executive Order's selective suspension is not justified by any administrative impossibility, by any inherent characteristic of federal offices, or by any rational basis whatsoever. The Senate Democratic candidate-Plaintiffs are similarly situated federal candidates within the same closed party primary system whose ballot rights have been preserved, and they accordingly serve as Class A comparators within the federal office category itself.

11. THIRD, the proposed additional Plaintiffs span every congressional district affected by the Executive Order. Plaintiff Lauren Jewett represents the 1st Congressional District; Plaintiff John Day represents the 3rd Congressional District; Plaintiffs Conrad Cable and Matt Gromlich represent the 4th Congressional District; Plaintiffs Jessee Fleenor, Larry Foy, and Dan McKay (in addition to existing Plaintiff Lindsay Garcia) represent the 5th Congressional District; and Plaintiff Cleo Fields represents the 6th Congressional District. The addition of these Plaintiffs ensures that the harm inflicted by the Executive Order is represented at the case before this Panel by candidate-Plaintiffs from five (5) of the six (6) United States House of Representatives congressional districts in Louisiana, in addition to

three (3) U.S. Senate primary candidates running on the same May 16, 2026, closed party primary ballot.

12. FOURTH, the addition of the proposed Plaintiffs presents no risk of undue delay, bad faith, or dilatory motive. Plaintiffs file this Motion at the earliest practicable moment following each candidate's agreement to be added. The proposed amendment will not alter the schedule established by the Panel's Organizing Order (Doc. 8), as the legal theories, factual allegations, and relief sought remain materially the same as those set forth in the original Verified Complaint.

13. FIFTH, the addition of the proposed Plaintiffs presents no risk of prejudice to Defendants. Defendants have not yet answered the original Verified Complaint. Discovery has not yet commenced. The Three-Judge Panel has not yet ruled on jurisdiction, transfer, or any merits issue. Defendants' anticipated Opposition to the Motion for Temporary Restraining Order, due May 5, 2026, may be filed and considered upon the Amended Verified Complaint without prejudice to any party.

14. SIXTH, the proposed amendment is not futile. To the contrary, it strengthens the Plaintiffs' standing, the breadth of the injury represented before this Court, and the factual record supporting each of the constitutional claims pleaded.

## V. AUTHORITY

15. Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course no later than (A) twenty-one (21) days after serving it, or (B) if the pleading is one to which a responsive pleading is required, twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Plaintiffs file this Motion within the time contemplated by Rule 15(a)(1).

16. In the alternative, and in any event, Federal Rule of Civil Procedure 15(a)(2) provides that '[t]he court should freely give leave when justice so requires.' The Fifth Circuit has consistently held that leave to amend should be granted absent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. See, e.g., Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004);

Foman v. Davis, 371 U.S. 178, 182 (1962). None of those bars to amendment is present here.

17. Federal Rule of Civil Procedure 20(a)(1) further provides that persons may join as plaintiffs in one action if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Both prongs of Rule 20(a)(1) are amply satisfied. Each of the proposed Plaintiffs asserts rights arising directly from a single transaction, the issuance and operative effect of Executive Order JML 26-038, and the constitutional and federal-law questions presented by that transaction are common to all Plaintiffs.

## VI. CONCLUSION AND PRAYER FOR RELIEF

18. WHEREFORE, Plaintiffs Eugene Collins, Jr. and Lindsay Garcia respectfully request that this Honorable Three-Judge Panel:

(a) GRANT this Motion for Leave to File Amended Verified Complaint and to add the eleven (11) additional Plaintiffs identified herein and in the proposed Amended Verified Complaint attached hereto as Exhibit A;

(b) DEEM the Amended Verified Complaint attached as Exhibit A filed and served as of the date of the Court's Order granting this Motion;

(c) ORDER that the deadlines and case management schedule established by the Panel's Organizing Order (Doc. 8) entered May 1, 2026, shall apply without modification to the Amended Verified Complaint, and that any responsive pleading or opposition filed by Defendants on or after the date of this Court's Order shall be deemed responsive to the Amended Verified Complaint; and

(d) GRANT such further and additional relief as this Court deems just and appropriate.

Respectfully submitted,

RESPECTFULLY SUBMITTED,

*/s/ Jamar Lanier Ennis*
JAMAR LANIER ENNIS
La. Bar Roll #37455
**Ennis Law Firm, LLC**
412 N. 4th Street, Suite 102
Baton Rouge, Louisiana 70801
Phone: (225) 400-6600
Fax: (225) 308-2053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2026, a copy of the foregoing Motion for Leave to File Amended Verified Complaint, together with the proposed Amended Verified Complaint attached as Exhibit A, was served upon all counsel of record by the Court's CM/ECF system, including counsel for Defendants at the Office of the Solicitor General of Louisiana, Louisiana Department of Justice; the Office of the Governor of Louisiana, Attn: Executive Counsel; and the Louisiana Department of State, Attn: General Counsel.