**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

EUGENE COLLINS, JR., individually and
on behalf of all others similarly situated;
LINDSAY GARCIA;
LAUREN JEWETT;
JOHN DAY;
CONRAD CABLE;
MATT GROMLICH;
JESSEE FLEENOR;
LARRY FOY;
DAN McKAY;
CLEO FIELDS;
JAMIE DAVIS;
NICK ALBARES; and
GARY CROCKETT,
       Plaintiffs,

v.

JEFF LANDRY, in his official capacity
as Governor of the State of Louisiana;
ELIZABETH B. MURRILL, in her
official capacity as Attorney General
of the State of Louisiana; and
NANCY LANDRY, in her official
capacity as Secretary of State of the
State of Louisiana,
       Defendants.

CIVIL ACTION

NO. 3:26-cv-00471-SDD-RLB

THREE-JUDGE PANEL
(28 U.S.C. § 2284)

**AMENDED VERIFIED
COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

## AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs EUGENE COLLINS, JR., individually and on behalf of all others similarly situated; LINDSAY GARCIA; LAUREN JEWETT; JOHN DAY; CONRAD CABLE; MATT GROMLICH; JESSEE FLEENOR; LARRY FOY; DAN McKAY; CLEO FIELDS; JAMIE DAVIS; NICK ALBARES; and GARY CROCKETT, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15, hereby file this Amended Verified Complaint for Declaratory and Injunctive Relief, which amends, supersedes, and complements the original Verified Complaint filed in this matter, pursuant to 42 U.S.C. § 1983; the Voting Rights Act of 1965, 52 U.S.C. § 10301; the First, Fourteenth, and Fifteenth Amendments to the United States

Constitution; the Elections Clause, U.S. Const. art. I, § 4, cl. 1; the federal election-timing statutes, 2 U.S.C. §§ 1 and 7; the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq.; the Help America Vote Act, 52 U.S.C. § 20901 et seq.; and the Constitution of the State of Louisiana, and aver as follows:

## I. PRELIMINARY STATEMENT

1. On Wednesday, April 29, 2026, the Supreme Court of the United States issued its decision in Louisiana v. Callais, No. 24-109, 608 U.S. ___ (2026), invalidating Louisiana's enacted congressional districting plan as an unconstitutional racial gerrymander. The Court remanded the matter to the United States District Court for the Western District of Louisiana for further proceedings. The Court did not order the cancellation, postponement, or suspension of any election.

2. At the moment Callais was decided, an election was already underway. Pursuant to La. R.S. § 18:1303, absentee-by-mail balloting had commenced, and a substantial number of absentee ballots had already been issued, completed, returned, and received by parish Registrars of Voters. Pursuant to La. R.S. § 18:1309, in-person early voting was scheduled to commence at 8:30 a.m. on Saturday, May 2, 2026, less than seventy-two (72) hours after the Supreme Court's decision was announced.

3. The May 16, 2026, ballot is not limited to one race. It is a comprehensive electoral event encompassing: (a) the United States Senate primary; (b) the United States House of Representatives primary; (c) the Louisiana Supreme Court 1st District election (a contested Republican primary); (d) the Louisiana Board of Elementary and Secondary Education, 1st District (a contested Republican primary among three candidates); (e) two seats on the Louisiana Public Service Commission (the District 1 contested Republican primary among five candidates, and the District 5 Democratic and Republican primaries, both contested); and (f) five (5) proposed amendments to the Louisiana Constitution.

4. On April 30, 2026, Defendant Governor Jeff Landry, acting in his official capacity as Governor of the State of Louisiana, first publicly threatened, and then formally implemented, the suspension of the federal congressional portion of the May 16, 2026, closed party primary election. The threat was first communicated by a public statement

issued from Defendant Landry's verified social-media account on the platform X (formerly Twitter), and was thereafter reduced to formal executive action through Executive Order JML 26-038, issued April 30, 2026 (the 'Executive Order'). The Executive Order was issued on the asserted basis of a certification by Defendant Nancy Landry, in her capacity as Secretary of State, under La. R.S. § 18:401.1(B), that an electoral emergency exists with respect to the federal congressional portion of the May 16, 2026 closed party primary.

5. The Executive Order does not, however, suspend the May 16, 2026, closed party primary in its entirety. To the contrary, the Executive Order is selective in its operation: it suspends only the federal congressional portion of the May 16, 2026 closed party primary, while leaving the May 16, 2026, closed party primary going forward as scheduled for the Louisiana Supreme Court (1st District), the Louisiana Public Service Commission (Districts 1 and 5), the Louisiana Board of Elementary and Secondary Education (1st District), the United States Senate, various local and municipal contests, and five (5) proposed amendments to the Louisiana Constitution. Early voting for those non-suspended contests opened at 8:30 a.m. on Saturday, May 2, 2026, and is presently ongoing.

6. The Executive Order's selective operation produces three distinct and constitutionally infirm results. First, it operatively removes from the November 3, 2026 general election ballot two (2) duly nominated candidates for the United States House of Representatives, Plaintiffs LAUREN JEWETT (Democratic nominee, 1st Congressional District) and CLEO FIELDS (Democratic nominee, 6th Congressional District), each of whom is the nominee of his or her recognized major political party for the November 3, 2026 general election by operation of La. R.S. § 18:410.9(A); and additionally operates to remove a third such nominee, Mr. Clay Higgins (Republican, 3rd Congressional District), who is similarly situated and similarly removed from the November 3, 2026, general election ballot but who is not a Plaintiff in this action. Second, the Executive Order cancels the May 16, 2026, contested closed party primary opportunity for the seven (7) federal House Plaintiffs who are candidates in contested Democratic primaries: JOHN DAY (3rd Congressional District); CONRAD CABLE and MATT GROMLICH (4th Congressional District); and LINDSAY GARCIA, JESSEE FLEENOR, LARRY FOY, and DAN McKAY (5th Congressional District). Third, the Executive Order purports to selectively void the federal

congressional contest on absentee ballots already issued, completed, returned, and received by the parish Registrars of the sixty-four (64) parishes of Louisiana, a volume reasonably anticipated to number in the tens of thousands.

7.  By contrast, the Executive Order does not disturb the May 16, 2026, closed party primary for the United States Senate. Plaintiffs JAMIE DAVIS, NICK ALBARES, and GARY CROCKETT, who together comprise the entire field of three (3) candidates in the Democratic primary for the United States Senate, will participate in their May 16, 2026, closed party primary as scheduled. Plaintiffs Davis, Albares, and Crockett are referred to herein collectively as the 'Federal Senate Plaintiffs' and serve as in-pari-materia federal-office Class A comparators within the very category, federal candidates running in May 16, 2026 closed party primaries, that the Executive Order purports to disrupt.

8.  The Executive Order similarly does not disturb the May 16, 2026, closed-party primary for non-federal Louisiana offices subject to the same closed-party-primary statutory framework. The Executive Order leaves on the November 3, 2026, general election ballot three (3) similarly situated unopposed nominees of non-federal offices, each of whom became his or her party's nominee under the very same La. R.S. § 18:410.9(A) sole-qualifier mechanism that applies to Plaintiffs Jewett and Fields: incumbent Justice Cade R. Cole (Republican, Louisiana Supreme Court 3rd District); incumbent Justice Jay B. McCallum (Republican, Louisiana Supreme Court 4th District); and Connie Norris (Democrat, Louisiana Public Service Commission, District 1). The Executive Order's selective preservation of those three unopposed non-federal nominees on the November 3, 2026, general election ballot, while operatively removing Plaintiffs Jewett and Fields under the same statutory mechanism, is the central operative fact of the Equal Protection violation alleged below.

9.  The Executive Order's targeted operation falls in particular upon that of the Sixth Congressional District whose racial composition was the very subject of the Callais Court's racial-gerrymander adjudication. The temporal sequence (the threat issued only after Callais), the absence of any comparable threat or executive action in jurisdictions without Louisiana's racial composition, and the differential treatment between contests on the same

ballot all bear upon the totality-of-circumstances analysis, Section 2 of the Voting Rights Act, as construed in Callais, now requires.

10.    Plaintiffs respectfully seek (i) a declaratory judgment that Executive Order JML 26-038 is unconstitutional and unlawful; (ii) preliminary and permanent injunctive relief restraining Defendants from giving operative effect to the Executive Order; (iii) restoration of Plaintiffs Jewett and Fields, and similarly situated non-Plaintiff Mr. Clay Higgins, to the November 3, 2026, general election ballot; (iv) an order directing the State to count every absentee ballot already cast in its entirety, including the federal congressional contest; (v) an order directing that the May 16, 2026, closed party primary proceed as previously scheduled in its entirety, under the existing congressional districts pending entry of a remedial plan by the United States District Court for the Western District of Louisiana on remand from Callais; and (vi) such further relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

11.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3)–(4) (civil rights). Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.

12.    Plaintiffs invoke 42 U.S.C. § 1983 to vindicate rights secured by the First, Fourteenth, and Fifteenth Amendments to the United States Constitution and by the Elections Clause, U.S. Const. art. I, § 4, cl. 1, as informed by 2 U.S.C. §§ 1 and 7 and by Foster v. Love, 522 U.S. 67 (1997).

13.    Plaintiffs invoke Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, as construed in Louisiana v. Callais, 608 U.S. ___ (2026), and as informed by Allen v. Milligan, 599 U.S. 1 (2023); Thornburg v. Gingles, 478 U.S. 30 (1986); and Robinson v. Ardoin, 86 F.4th 574 (5th Cir. 2023).

14.    Plaintiffs invoke the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq., and the Help America Vote Act, 52 U.S.C. § 20901 et seq., for the proposition that federal law preempts any state action that purports to selectively void federal congressional contests on ballots issued, completed, returned, and received in compliance with those federal statutory frameworks.

15. Because the action challenges conduct directly connected to the apportionment of Louisiana's congressional districts and the conduct of federal elections under that apportionment, this action is required by 28 U.S.C. § 2284(a) to be heard and determined by a district court of three judges. See Shapiro v. McManus, 577 U.S. 39 (2015). By Order entered May 1, 2026, (Doc. 8), this Court convened the Three-Judge Panel comprising the Honorable Stuart Kyle Duncan of the United States Court of Appeals for the Fifth Circuit, the Honorable Shelly D. Dick, Chief Judge of the United States District Court for the Middle District of Louisiana, and the Honorable Greg Guidry of the United States District Court for the Eastern District of Louisiana, and took subject-matter jurisdiction under advisement.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). Defendants Governor Jeff Landry, Attorney General Elizabeth B. Murrill, and Secretary of State Nancy Landry each maintain their official offices in Baton Rouge, East Baton Rouge Parish; the challenged conduct was effected from within East Baton Rouge Parish; and a substantial part of the events and omissions giving rise to this action has occurred and will occur in this District.

## III. PARTIES

### A. Plaintiffs.

17. Plaintiff EUGENE COLLINS, JR. is an adult citizen of the United States, a resident and registered voter of East Baton Rouge Parish, Louisiana, and is domiciled within the Sixth Congressional District. Plaintiff Collins is Black. Plaintiff Collins is entitled to participate in the May 16, 2026, closed party primary. Plaintiff Collins brings this action individually and as a representative of a putative class of similarly situated Louisiana voters under Federal Rule of Civil Procedure 23(b)(2).

18. Plaintiff LINDSAY GARCIA is an adult citizen of the United States, a qualified registered voter of Louisiana, and a candidate for the Democratic primary for the United States House of Representatives, 5th Congressional District, on the May 16, 2026, closed party primary ballot. Plaintiff Garcia is one of multiple candidates in the contested Democratic primary for the 5th Congressional District. Plaintiff Garcia satisfied all qualification requirements

during the qualifying period that closed on February 13, 2026, and paid the qualifying fee under La. R.S. § 18:464, and has incurred substantial campaign expenditures in reliance on the May 16, 2026, election date.

19. Plaintiff LAUREN JEWETT is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Metairie, Jefferson Parish, Louisiana. Plaintiff Jewett qualified for the Democratic primary for the United States House of Representatives, 1st Congressional District, on February 11, 2026, by nominating petition under La. R.S. § 18:465, having gathered well in excess of two thousand (2,000) signatures of qualified Louisiana voters. Following the post-qualifying withdrawal of James 'Jim' Long, the only other Democratic qualifier in the same primary, Plaintiff Jewett became the sole remaining qualifier in the Democratic primary for the 1st Congressional District. Pursuant to La. R.S. § 18:410.9(A), which provides that '[i]f...only one candidate for the recognized major political party remains after the withdrawal of one or more candidates, the candidate is declared the nominee,' Plaintiff Jewett is the Democratic nominee for the 1st Congressional District for the November 3, 2026 general election. Plaintiff Jewett's name has been operatively removed from the November 3, 2026, general election ballot by the Executive Order. Plaintiff Jewett has, since approximately September 2025, maintained a continuous campaign organization, including organization with the Federal Election Commission, quarterly Federal Election Commission disclosure filings, retention of campaign consultants, and continuous fundraising activity.

20. Plaintiff JOHN DAY is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Lake Charles, Louisiana. Plaintiff Day is a candidate for the Democratic primary for the United States House of Representatives, 3rd Congressional District, on the May 16, 2026, closed party primary ballot. Plaintiff Day is one of multiple candidates in the contested Democratic primary for the 3rd Congressional District. Plaintiff Day satisfied all qualification requirements during the qualifying period and has incurred substantial campaign expenditures in reliance on the May 16, 2026 election date.

21. Plaintiff CONRAD CABLE is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Union Parish, Louisiana. Plaintiff Cable is a candidate for the Democratic primary for the United States House of Representatives, 4th

Congressional District, on the May 16, 2026, closed party primary ballot. Plaintiff Cable is one of two candidates in the contested Democratic primary for the 4th Congressional District.

22. Plaintiff MATT GROMLICH is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Caddo Parish, Louisiana. Plaintiff Gromlich is a candidate for the Democratic primary for the United States House of Representatives, 4th Congressional District, on the May 16, 2026, closed party primary ballot. Plaintiff Gromlich is one of two candidates in the contested Democratic primary for the 4th Congressional District.

23. Plaintiff JESSEE FLEENOR is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Loranger, Louisiana. Plaintiff Fleenor is a candidate for the Democratic primary for the United States House of Representatives, 5th Congressional District, on the May 16, 2026, closed party primary ballot. Plaintiff Fleenor is one of multiple candidates in the contested Democratic primary for the 5th Congressional District.

24. Plaintiff LARRY FOY is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Winnsboro, Louisiana. Plaintiff Foy is a candidate for the Democratic primary for the United States House of Representatives, 5th Congressional District, on the May 16, 2026, closed party primary ballot. Plaintiff Foy is one of multiple candidates in the contested Democratic primary for the 5th Congressional District.

25. Plaintiff DAN McKAY is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Bunkie, Louisiana. Plaintiff McKay is a candidate for the Democratic primary for the United States House of Representatives, 5th Congressional District, on the May 16, 2026, closed party primary ballot. Plaintiff McKay is one of multiple candidates in the contested Democratic primary for the 5th Congressional District.

26. Plaintiff CLEO FIELDS is an adult citizen of the United States, a qualified registered voter of Louisiana, the incumbent United States Representative for the 6th Congressional District, and a resident of Baton Rouge, East Baton Rouge Parish, Louisiana. Plaintiff Fields is the Black-preferred congressional incumbent of the invalidated majority-Black

Sixth Congressional District that was the subject of the Callais Court's racial-gerrymander adjudication. Plaintiff Fields qualified for the Democratic primary for the United States House of Representatives, 6th Congressional District, on February 11, 2026. At the close of qualifying on February 13, 2026, Plaintiff Fields was the sole qualifier in the Democratic primary for the 6th Congressional District. Pursuant to La. R.S. § 18:410.9(A), Plaintiff Fields is the Democratic nominee for the 6th Congressional District for the November 3, 2026, general election. Plaintiff Fields' name has been operatively removed from the November 3, 2026, general election ballot by the Executive Order.

27.    Plaintiff JAMIE DAVIS is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Waterproof, Tensas Parish, Louisiana. Plaintiff Davis is a candidate for the Democratic primary for the United States Senate on the May 16, 2026, closed party primary ballot. The Democratic primary for the United States Senate is going forward as scheduled on the May 16, 2026, ballot, with early voting having opened at 8:30 a.m. on Saturday, May 2, 2026.

28.    Plaintiff NICK ALBARES is an adult citizen of the United States, a qualified registered voter of Louisiana, and a candidate for the Democratic primary for the United States Senate, on the May 16, 2026, closed party primary ballot.

29.    Plaintiff GARY CROCKETT is an adult citizen of the United States, a qualified registered voter of Louisiana, a resident of New Orleans, Louisiana, and a candidate for the Democratic primary for the United States Senate, on the May 16, 2026, closed party primary ballot.

### B. Defendants.

30.    Defendant JEFF LANDRY is the Governor of the State of Louisiana, sued in his official capacity. Defendant Landry is the author of the Public Statement set forth at Paragraph 47 below and is the issuing authority for Executive Order JML 26-038. He has the constitutional and statutory authority to direct, supervise, and control the actions of the executive branch of the State of Louisiana, including the conduct of statewide elections. La. Const. art. IV, § 5(A); La. R.S. § 49:214 et seq. He acts under color of state law for purposes of 42 U.S.C. § 1983. Defendant Jeff Landry maintains his official residence and

conducts the official business of the Office of the Governor in Baton Rouge, Louisiana, within this judicial district.

31.     Defendant ELIZABETH B. MURRILL is the Attorney General of the State of Louisiana, sued in her official capacity. Attorney General Murrill is the chief legal officer of the State of Louisiana. Const. art. IV, § 8, and possesses authority to enforce, defend, and advise upon the legality of the challenged action. In public statements following the Callais decision, Defendant Murrill called for canceling the election and for the Legislature and the executive branch to take action affecting the May 16, 2026, elections. She acts under color of state law for purposes of 42 U.S.C. § 1983. Defendant Murrill maintains her official offices in Baton Rouge, Louisiana, within this judicial district.

32.     Defendant NANCY LANDRY is the Secretary of State of the State of Louisiana, sued in her official capacity. The Secretary of State is the chief election officer of Louisiana, La. R.S. § 18:18, and is responsible for the administration, certification, and conduct of elections, including the May 16, 2026, election in its entirety. Defendant Nancy Landry issued the certification under La. R.S. § 18:401.1(B) referenced in the Whereas clauses of Executive Order JML 26-038. She has the direct enforcement authority required for prospective relief under Ex parte Young, 209 U.S. 123 (1908). She acts under color of state law for purposes of 42 U.S.C. § 1983. Defendant Nancy Landry maintains her official offices in Baton Rouge, Louisiana, within this judicial district.

## IV. STATEMENT OF FACTS

### A. The May 16, 2026 Closed Party Primary System and Comprehensive Ballot.

33.     By Acts 2024, 1st Extraordinary Session, No. 1, effective January 1, 2026, the Louisiana Legislature adopted a closed party primary system for federal congressional offices, the Louisiana Supreme Court, the Louisiana Public Service Commission, the Louisiana Board of Elementary and Secondary Education, and certain other offices, with party-specific primary elections scheduled for May 16, 2026. This is the first time since 2010 that Louisiana is holding party-specific primary elections, departing from the State's customary 'jungle primary' system.

34.     The operative statutory provision governing the relationship between qualifying status at the close of the qualifying period and ballot access for the November general election is La. R.S. § 18:410.9(A), which provides: '[i]f, after the close of the qualifying period for candidates in a party primary election, only one candidate qualified for the recognized major political party or only one candidate for the recognized major political party remains after the withdrawal of one or more candidates, the candidate is declared the nominee.' Both prongs of Section 18:410.9(A), the sole-qualifier prong and the sole-remaining-after-withdrawal prong, operate by automatic effect of law upon the close of qualifying or upon the post-qualifying withdrawal of opponents.

35.     Qualifying for all contests on the May 16, 2026, ballot closed on February 13, 2026. Hundreds of candidates qualified, paid filing fees under La. R.S. § 18:464, and have invested substantial resources in their campaigns. Proponents and opponents of the five proposed constitutional amendments have organized statewide campaigns, raised funds, purchased advertising, and engaged voters in reliance on the May 16, 2026, ballot date.

36.     The May 16, 2026, ballot contains the following contests and questions, all of which qualified voters statewide are entitled to consider:

   (a) Primary election for the United States Senate seat for Louisiana, conducted as a party-specific primary;

   (b) Primary elections for each of Louisiana's six (6) seats in the United States House of Representatives, conducted as party-specific primaries;

   (c) Election for the Louisiana Supreme Court 1st District (a contested Republican primary between William H. Burris and Blair Downing Edwards);

   (d) Election for one (1) seat on the Louisiana Board of Elementary and Secondary Education, 1st District (a contested Republican primary among three (3) candidates);

   (e) Elections for two (2) seats on the Louisiana Public Service Commission (the District 1 contested Republican primary among five (5) candidates, and the District 5 Democratic and Republican primaries, both contested);

**(f)** Five (5) proposed amendments to the Louisiana Constitution, presented to all qualified electors of the State for ratification or rejection.

### B. Voting Has Already Begun.

37.    Pursuant to La. R.S. § 18:1303, absentee-by-mail ballots have been issued to qualified electors for the May 16, 2026, election. By April 29, 2026, the date of the Supreme Court's Callais decision, a material number of absentee ballots had been issued, completed, returned, and received by parish Registrars of Voters and had been cast by Louisiana voters. Plaintiffs anticipate establishing through the testimony of Defendant Nancy Landry, in her capacity as Secretary of State, or through a designated representative of the Elections Division of the Louisiana Department of State, that the volume of such returned and received absentee ballots is reasonably anticipated to number in the tens of thousands.

38.    Pursuant to La. R.S. § 18:1309, in-person early voting commenced on Saturday, May 2, 2026, at 8:30 a.m., and is presently ongoing through Saturday, May 9, 2026, at every parish Registrar's office in the State of Louisiana, as to all contests on the May 16, 2026, ballot other than the federal congressional contests purportedly suspended by the Executive Order.

39.    Voters who have already cast absentee ballots have voted, in a single ballot, on each of the contests identified in Paragraph 36 above. Their cast ballots cannot be partially voided without violating the procedural due process principles of Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), and the equal protection principles of Bush v. Gore, 531 U.S. 98 (2000).

### C. The Callais Decision Without Cancellation.

40.    On April 29, 2026, the Supreme Court issued Louisiana v. Callais, holding the State's enacted congressional plan an unconstitutional racial gerrymander and remanding the matter to the United States District Court for the Western District of Louisiana for further proceedings. The Court's mandate did not require, recommend, or authorize the suspension of any election. The Court did not direct the State to halt voting already underway, did not enjoin any election official, and did not address the timing of remedial measures.

**41.** Counsel for the Callais plaintiffs requested expedited issuance of a certified judgment to permit redrawing for the 2026 cycle; the Secretary of State, according to public filings, did not oppose that request.

### D. The Public Statement and Executive Order JML 26-038.

**42.** On April 30, 2026, Defendant Governor Jeff Landry, acting in his official capacity as Governor of the State of Louisiana, posted to the social-media platform X (operated by X Corp., and formerly known as Twitter), from the verified public account [@JeffLandryLA], a public statement (the 'Public Statement') announcing the suspension, postponement, or cancellation of the May 16, 2026 elections, or material portions thereof. A true and correct screenshot of the Public Statement, captured contemporaneously and bearing the timestamp, account verification badge, and engagement metrics, is attached to this Amended Verified Complaint as Exhibit A and incorporated by reference.

**43.** The Public Statement was issued from the official social-media account of the Governor of the State of Louisiana, in his official capacity, addressed to the public at large, and was understood by parish Registrars of Voters, qualified candidates, and Louisiana electors as an authoritative announcement of executive intent. Tweets from elected officials acting in their official capacities constitute official action for many constitutional purposes. See Lindke v. Freed, 601 U.S. 187 (2024); Knight First Amendment Inst. v. Trump, 928 F.3d 226 (2d Cir. 2019), vacated and remanded on mootness grounds, 141 S. Ct. 1220 (2021).

**44.** On April 30, 2026, the threat manifest in the Public Statement was reduced to formal executive action by issuance of Executive Order JML 26-038 (the 'Executive Order'). The Executive Order is signed by Defendant Jeff Landry as Governor of the State of Louisiana, in his official capacity. The Executive Order recites in its Whereas clauses that it is issued pursuant to a certification by Defendant Nancy Landry, in her capacity as Secretary of State, under La. R.S. § 18:401.1(B), that an electoral emergency exists with respect to the federal congressional portion of the May 16, 2026, closed party primary.

**45.** The Executive Order's stated effect is to suspend the federal congressional portion of the May 16, 2026, closed party primary, with operative effect 'until July 15, 2026, or until the Legislature acts.' The Executive Order makes no provision for the absentee ballots already

cast, no provision for the qualified candidates already on the November 3, 2026, general election ballot by operation of law. R.S. § 18:410.9(A), and no provision for the remedial congressional map that the Western District of Louisiana has not yet entered.

### E. The Selective Scope of the Executive Order.

46. The Executive Order is selective in its operation. It does not suspend, and does not purport to suspend, the May 16, 2026, closed party primary as to any office other than the federal congressional offices. To the contrary, the State is presently conducting and administering the May 16, 2026 closed party primary for the following contests, all of which are going forward as scheduled, all of which are subject to the very same closed-party-primary statutory framework that governs the federal congressional portion of the primary, and all of which appeared on the May 16, 2026 ballot beginning at 8:30 a.m. on Saturday, May 2, 2026, when in-person early voting opened:

   (a) The Republican primary for the Louisiana Supreme Court 1st District;

   (b) The Republican primary for the Louisiana Public Service Commission, District 1 (a contested race among five (5) candidates);

   (c) The Democratic primary for the Louisiana Public Service Commission, District 5 (a contested race);

   (d) The Republican primary for the Louisiana Public Service Commission, District 5 (a contested race);

   (e) The Republican primary for the Louisiana Board of Elementary and Secondary Education, 1st District (a contested race among three (3) candidates);

   (f) The Democratic and Republican primaries for the United States Senate;

   (g) Various local and municipal contests;

   (h) The five (5) proposed amendments to the Louisiana Constitution.

47. The State's continued administration of the May 16, 2026, closed party primary for every office on the ballot other than the federal congressional offices conclusively demonstrates that the State retains both the administrative resources and the operational capacity to

conduct the May 16, 2026, closed party primary as scheduled. Any asserted claim of administrative impossibility is therefore demonstrably false on its face.

### F. The Operatively-Removed Federal House Nominees Under La. R.S. § 18:410.9(A).

48.     Plaintiff LAUREN JEWETT is the Democratic nominee for the 1st Congressional District for the November 3, 2026, general election by operation of La. R.S. § 18:410.9(A) (sole-remaining-after-withdrawal prong). The Executive Order has operatively removed Plaintiff Jewett from the November 3, 2026, general election ballot, has cancelled the May 16, 2026 closed party primary in which Plaintiff Jewett qualified by nominating petition, and has thereby nullified, without notice to her, without process, and on the basis of a Supreme Court decision concerning a different congressional district, seven (7) months of continuous campaign organization, fundraising, signature gathering, and voter outreach. The harm to Plaintiff Jewett is ongoing and grows with each day the Executive Order remains in force.

49.     Plaintiff CLEO FIELDS is the Democratic nominee for the 6th Congressional District for the November 3, 2026, general election by operation of La. R.S. § 18:410.9(A) (sole-qualifier prong). The Executive Order has operatively removed Plaintiff Fields from the November 3, 2026, general election ballot. Plaintiff Fields is the Black-preferred congressional incumbent of the invalidated majority-Black Sixth Congressional District that was the subject of the Callais Court's racial-gerrymander adjudication.

50.     Mr. Clay Higgins, who is not a Plaintiff in this action, qualified for the Republican primary for the United States House of Representatives, 3rd Congressional District, on February 11, 2026. At the close of qualifying on February 13, 2026, Mr. Higgins was the sole qualifier in the Republican primary for the 3rd Congressional District. Pursuant to La. R.S. § 18:410.9(A) (sole-qualifier prong), Mr. Higgins is the Republican nominee for the 3rd Congressional District for the November 3, 2026, general election. Mr. Higgins is similarly situated to Plaintiffs Jewett and Fields with respect to the operation of the Executive Order: his name, like theirs, has been operatively removed from the November 3, 2026, general election ballot.

### G. The Three Class A Comparators Among Non-Federal Office Nominees.

51.	Three (3) non-federal Louisiana nominees are illustrative and material Class A comparators. Each became his or her party's nominee for the November 3, 2026, general election ballot under the very same La. R.S. § 18:410.9(A) sole-qualifier mechanism that applies to Plaintiffs Jewett and Fields and to non-Plaintiff Mr. Higgins, and each remains on the November 3, 2026, general election ballot undisturbed by the Executive Order:

  **(a)** Incumbent Justice Cade R. Cole (Republican, Louisiana Supreme Court 3rd District), sole qualifier in the Republican primary at the close of qualifying;

  **(b)** Incumbent Justice Jay B. McCallum (Republican, Louisiana Supreme Court 4th District), sole qualifier in the Republican primary at the close of qualifying; and

  **(c)** Connie Norris (Democrat, Louisiana Public Service Commission, District 1), sole qualifier in the Democratic primary at the close of qualifying.

52.	Class A (Justice Cole, Justice McCallum, and Ms. Norris) and Class B (Plaintiffs Jewett and Fields, plus non-Plaintiff Mr. Higgins) are identical in every relevant respect: each qualified for the May 16, 2026 closed party primary by filing notice of candidacy with the Louisiana Department of State during the same qualifying period; each was the sole qualifier (or, in the case of Plaintiff Jewett, the sole remaining qualifier following the post-qualifying withdrawal of one or more opponents) in the relevant party primary at the close of qualifying; each became the nominee of his or her recognized major political party for the November 3, 2026 general election ballot by operation of La. R.S. § 18:410.9(A); and each depends solely upon the November 3, 2026, general election to take office. The State has chosen, through Executive Order JML 26-038, to differentiate between Class A and Class B in the most consequential possible way: Class A remains on the November 3, 2026, general election ballot; Class B has been removed.

### H. The Returned Absentee Ballots.

53.	The Executive Order purports to selectively void the federal congressional contest on absentee ballots already issued, completed, returned, and received by the parish Registrars of the sixty-four (64) parishes of Louisiana. Such absentee ballots are issued under La. R.S. § 18:1303 (Louisiana voters in protected categories including electors aged sixty-five (65) and over, hospitalized electors, disabled electors, and students at out-of-state institutions)

and under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq. (active-duty members of the Armed Forces and the uniformed services, the Merchant Marine, their spouses and dependents, and United States citizens residing outside the United States).

54.     The volume of such returned and received absentee ballots is reasonably anticipated to number in the tens of thousands. Each such returned absentee ballot constitutes a vote already cast in the May 16, 2026, election, and the Executive Order's purported selective voiding of the federal congressional contest on each such returned ballot operates as a vote nullification effected without the consent of the voter, after the vote has been cast, on a sealed absentee ballot submitted under federal-law and state-law assurances of secrecy and integrity.

55.     Plaintiffs anticipate establishing the precise volume of returned absentee ballots, the federal-law protected status of those returned ballots, and the operational impossibility of selectively voiding the federal congressional contest on each such returned ballot through the testimony of Defendant Nancy Landry, in her capacity as Secretary of State, or, in the alternative or cumulative, through a designated representative of the Elections Division of the Louisiana Department of State.

### I. The Aggregate Voter-Side Disenfranchisement.

56.     The Executive Order operatively disenfranchises, in aggregate, five hundred seventy-eight thousand eight hundred forty-eight (578,848) qualified Louisiana voters as to the choice of nominees in their respective congressional districts on the November 3, 2026 general election ballot. That aggregate of 578,848, calculated from the Louisiana Secretary of State's Statewide Report of Registered Voters dated May 1, 2026, is composed of: (a) approximately 129,612 registered Democratic voters of the 1st Congressional District, as to the Democratic nominee (Plaintiff Jewett); (b) approximately 205,660 registered Republican voters of the 3rd Congressional District, as to the Republican nominee (Mr. Higgins); and (c) approximately 243,576 registered Democratic voters of the 6th Congressional District, as to the Democratic nominee (Plaintiff Fields). The aggregate disenfranchisement is bipartisan in scope, statewide in operation, and absolute as to the affected nominees in those three districts.

57.    The 578,848 figure represents only registered voters of the affected party in each of the three districts in which a nominee was operatively removed. The 578,848 figure does not include (i) the registered voters in the contested-primary districts (the 3rd, 4th, and 5th Congressional Districts) whose primary opportunity has been cancelled and whose Plaintiff candidates (Day, Cable, Gromlich, Garcia, Fleenor, Foy, McKay) have been deprived of the May 16, 2026 primary contest; nor (ii) the additional, separate, and substantial harm worked upon those qualified electors who have already cast their ballot in the May 16, 2026 election by absentee ballot, anticipated to number in the tens of thousands.

### J. The Cascade of Harm Across the Entire Ballot.

58.    The Executive Order, and the conduct it portends, threaten cascading and irreparable harm across every contest and question on the May 16, 2026, ballot:

(a) Voters who have already cast absentee ballots, in which they have voted on the United States Senate primary, the United States House primary, the Louisiana Supreme Court election, the BESE seat, the Public Service Commission seats, and each of the five proposed constitutional amendments, face the prospect that their entire ballot will be partially or wholly voided. Severing one race on a cast ballot from the others raises insoluble equal-protection problems under Bush v. Gore;

(b) Voters who began participating in early in-person voting on Saturday, May 2, 2026 face confusion, depressed turnout, and the prospect of being turned away from polling places that no longer know which contests are open and which are closed;

(c) Voters who plan to participate on Election Day, May 16, 2026, face the same confusion and depressed turnout, with consequent injury to their participation in the contests for the United States Senate, the Louisiana Supreme Court, BESE, the Public Service Commission, and the five constitutional amendments, even though those contests nominally remain on the ballot;

(d) Plaintiffs Davis, Albares, and Crockett, qualified candidates for the United States Senate who paid filing fees, conducted primary campaigns, and built voter turnout operations, face suppressed turnout among voters confused by the federal-primary uncertainty, notwithstanding that their own race is going forward as scheduled.

(e) Plaintiffs Jewett and Fields, and similarly situated non-Plaintiff Mr. Higgins, face the loss of ballot access for the November 3, 2026, general election and the disenfranchisement of their constituents in mid-cycle and after voting has begun;

(f) Plaintiffs Day, Cable, Gromlich, Garcia, Fleenor, Foy, and McKay face the cancellation of the May 16, 2026, contested closed party primary opportunity for which they qualified, paid filing fees, and incurred substantial campaign expenditures;

(g) Candidates for the Louisiana Supreme Court, BESE, and the Public Service Commission face suppressed turnout and disruption of their campaign-ground operations, even though their contests have nothing to do with the Callais decision and bear no relationship to congressional apportionment;

(h) Proponents and opponents of the five proposed amendments to the Louisiana Constitution face the prospect that turnout suppression on May 16, 2026, will distort the popular ratification process for amendments to the State's most fundamental charter;

(i) Parish Registrars of Voters, who must administer the May 16, 2026, election in all sixty-four (64) parishes, face administrative chaos, the inability to communicate consistent guidance to election workers, and the risk of administrative liability;

(j) Black voters in the (former) Sixth Congressional District, including Plaintiff Collins, face the targeted disenfranchisement of the only contest on the ballot featuring the Black-preferred congressional incumbent of an invalidated majority-Black district, a sequence that supports a strong inference of intentional discrimination on the basis of race within the meaning of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, as construed in Callais.

59. These harms are not speculative. They are imminent: in-person early voting commenced on Saturday, May 2, 2026, and is presently ongoing. They are irreparable: once an election day passes, no monetary remedy can restore the franchise. League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 247 (4th Cir. 2014). And they are concrete and

particularized as to each Plaintiff. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

## V. STANDING AND IMMINENCE

**60.** Each Plaintiff has Article III standing. Plaintiff Collins (the voter) faces imminent disenfranchisement and racial dilution. Plaintiffs Garcia, Day, Cable, Gromlich, Fleenor, Foy, and McKay (United States House contested-primary candidates) face imminent loss of the May 16, 2026, closed party primary opportunity for which they qualified. Plaintiffs Jewett and Fields (United States House operatively-removed nominees) face imminent loss of ballot access for the November 3, 2026, general election. Plaintiffs Davis, Albares, and Crockett (United States Senate candidates) face imminent suppression of turnout and competitive injury. Each has sunk qualifying fees and campaign expenditures.

**61.** The harm is imminent within the meaning of Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158–60 (2014). Pre-enforcement standing exists where plaintiffs allege 'an intention to engage in a course of conduct' that is constitutionally protected and 'there exists a credible threat of [adverse government action].' Id. at 159 (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)). Plaintiffs intend to vote in and to remain candidates in the May 16, 2026, closed party primary and the November 3, 2026, general election; the Executive Order, executed in formal executive form on April 30, 2026, is the unmistakable adverse government action that pre-enforcement doctrine contemplates.

**62.** The threat is fairly traceable to Defendants' conduct and redressable by an order of this Court. Steffel v. Thompson, 415 U.S. 452, 459 (1974); MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128–29 (2007). An order enjoining Defendants from giving operative effect to the Executive Order would fully redress Plaintiffs' injuries.

## VI. CAUSES OF ACTION

### COUNT I, 42 U.S.C. § 1983, FOURTEENTH AMENDMENT

*(Due Process and Equal Protection, Anderson-Burdick; Logan; Bush v. Gore)*

**63.** Plaintiffs incorporate by reference all preceding paragraphs.

64. The right to vote is fundamental. Reynolds v. Sims, 377 U.S. 533, 561–62 (1964). Once an election is underway, ballots already cast cannot be discarded without violating procedural due process. Logan v. Zimmerman Brush Co., 455 U.S. 422, 433–34 (1982).

65. Under Anderson v. Celebrezze, 460 U.S. 780, 789 (1983), and Burdick v. Takushi, 504 U.S. 428, 434 (1992), severe burdens on the right to vote trigger strict scrutiny. Total disenfranchisement of an already-cast absentee ballot, covering not only the U.S. House primary but also the U.S. Senate primary, the Louisiana Supreme Court 1st District contest, the BESE 1st District contest, the Public Service Commission contests, and five constitutional amendments, is the most severe burden imaginable. The State has no compelling interest sufficient to justify it.

66. Treating identically situated voters differently, counting some early ballots and voiding others, or voiding the federal-primary portion of a ballot while counting the same elector's votes for Louisiana Supreme Court and constitutional amendments on the same ballot, violates the equal-protection principles of Bush v. Gore, 531 U.S. at 104–05.

67. Defendants' conduct, under color of state law, deprives Plaintiffs of rights secured by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

### COUNT II, 42 U.S.C. § 1983, FIRST AND FOURTEENTH AMENDMENTS

*(Associational Rights and Ballot Access)*

68. Plaintiffs incorporate by reference all preceding paragraphs.

69. The First and Fourteenth Amendments guarantee voters and candidates the right to political association and ballot access. Williams v. Rhodes, 393 U.S. 23, 30–31 (1968); Anderson, 460 U.S. at 786–88; Lubin v. Panish, 415 U.S. 709, 716 (1974).

70. Plaintiffs Jewett and Fields (operatively-removed federal House nominees); Plaintiffs Day, Cable, Gromlich, Garcia, Fleenor, Foy, and McKay (federal House contested-primary candidates); and Plaintiffs Davis, Albares, and Crockett (federal Senate candidates) qualified, paid filing fees, secured endorsements, and conducted campaigns in reliance upon the May 16, 2026, election date and the November 3, 2026, general election ballot. Suspension of any portion of the May 16, 2026, election mid-cycle, without due process,

severely burdens their associational and ballot-access rights and the corresponding rights of voters who chose to support them.

71.     The State's asserted interest in remapping the federal congressional districts cannot justify the burden. The November 3, 2026, general election six (6) months away.

## COUNT III, 42 U.S.C. § 1983, ELECTIONS CLAUSE

*(U.S. Const. art. I, § 4, cl. 1; 2 U.S.C. §§ 1, 7; Foster v. Love)*

72.     Plaintiffs incorporate by reference all preceding paragraphs.

73.     The Elections Clause vests authority to regulate the time, place, and manner of congressional elections in 'the Legislature' of each State. The Governor of Louisiana, acting unilaterally by tweet, proclamation, or any other unilateral executive instrument, is not 'the Legislature' for Elections Clause purposes. Smiley v. Holm, 285 U.S. 355, 365–67 (1932); Moore v. Harper, 600 U.S. 1, 26–37 (2023).

74.     Even action by the Legislature itself remains 'subject to the ordinary constraints of judicial review.' Moore, 600 U.S. at 36.

75.     Federal election timing is governed by 2 U.S.C. §§ 1 and 7 and by the principle of Foster v. Love, 522 U.S. 67 (1997), itself a Louisiana case, which the Supreme Court enforced against the State of Louisiana to invalidate a state-law mechanism that interfered with federal election timing. The threatened cancellation of the U.S. House primaries, federal elections regulated by federal law, and the threatened operative removal of duly nominated U.S. House candidates from the November 3, 2026, general election ballot, particularly violate these provisions.

## COUNT IV, SECTION 2 OF THE VOTING RIGHTS ACT, 52 U.S.C. § 10301

*(Intentional Discrimination as Construed in Callais)*

76.     Plaintiffs incorporate by reference all preceding paragraphs.

77.     Section 2 of the Voting Rights Act, as construed by the Supreme Court in Louisiana v. Callais, 608 U.S. ___ (2026), continues to prohibit voting practices and procedures that result from intentional discrimination on the basis of race or color.

78. The Public Statement set forth at Paragraph 42 above, and the Executive Order it portended, its timing, and selective consequences support a strong inference of intentional discrimination on the basis of race within the meaning of Callais.

79. The temporal sequence (the threat issued only after Callais), the public statements of state officials, the racial composition of the affected districts (especially the 6th Congressional District), the absence of any comparable threat or executive action with respect to the U.S. Senate primary or with respect to the non-federal offices of the May 16, 2026, ballot, and the differential treatment between contests on the same ballot, all bear upon the totality-of-circumstances analysis Callais now requires.

## COUNT V, 42 U.S.C. § 1983, FIFTEENTH AMENDMENT

80. Plaintiffs incorporate by reference all preceding paragraphs.

81. The Fifteenth Amendment provides that '[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude.' U.S. Const. amend. XV, § 1.

82. The Executive Order, in its provenance, timing, and selective consequences, abridges the right of Black voters in Louisiana, and in particular the right of Plaintiff Collins and similarly situated Black voters in the 6th Congressional District, to vote on account of race within the meaning of the Fifteenth Amendment.

## COUNT VI, LOUISIANA CONSTITUTION, ARTICLE I, §§ 3 AND 10

*(Pendent State Claim, Equal Protection and Right to Vote)*

83. Plaintiffs incorporate by reference all preceding paragraphs.

84. Article I, § 10 of the Louisiana Constitution guarantees that '[e]very citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote.' Article I, § 3 imposes a higher equal-protection floor than the federal minimum.

85. Under Moore v. Harper, federal-election regulation by state legislatures and executive officers remains subject to ordinary state-constitutional review. 600 U.S. at 36. The

Executive Order exceeds any authority recognized by the Louisiana Constitution and violates the rights it secures.

### COUNT VII, 42 U.S.C. § 1983, FOURTEENTH AMENDMENT EQUAL PROTECTION

*(Selective Cancellation, Differential Treatment of Class A and Class B)*

86.   Plaintiffs incorporate by reference all preceding paragraphs.

87.   Class A (Justice Cole, Justice McCallum, and Ms. Norris) and Class B (Plaintiffs Jewett and Fields, plus non-Plaintiff Mr. Higgins) are similarly situated in every respect material to ballot access for the November 3, 2026, general election. Both classes qualified for the May 16, 2026, closed party primary by filing notice of candidacy with the Louisiana Department of State during the same qualifying period; both classes were the sole qualifier in their respective party primary at the close of qualifying; both classes became the nominees of their respective recognized major political parties for the November 3, 2026, general election ballot by operation of the very same La. R.S. § 18:410.9(A); and both classes depend solely upon the November 3, 2026, general election to take office.

88.   The State has chosen, through Executive Order JML 26-038, to differentiate between Class A and Class B in the most consequential possible way: Class A's May 16, 2026 closed party primary is going forward, and Class A's unopposed nominees remain on the November 3, 2026 general election ballot; Class B's May 16, 2026 closed party primary has been cancelled, and Class B's unopposed nominees have been removed from the November 3, 2026 general election ballot.

89.   The State has identified no rational basis for this differential treatment, much less the compelling interest required under heightened scrutiny. The State is, by undisputed fact, administering the May 16, 2026, closed party primary as scheduled for the Louisiana Supreme Court 1st District (Burris–Edwards), the Louisiana Public Service Commission Districts 1 and 5, Board of Elementary and Secondary Education 1st District, the United States Senate, and the five constitutional amendments. The State's continuing administration of the May 16, 2026, ballot for those contests conclusively demonstrates that no administrative impossibility prevents the State's continued administration of the federal congressional contests as scheduled.

90.  The Executive Order's selective cancellation and the differential treatment that flows from it are subject to heightened scrutiny because they implicate the fundamental right of qualified voters to cast a meaningful vote and the fundamental right of qualified candidates to ballot access. See Bush v. Gore, 531 U.S. at 104–05; Williams v. Rhodes, 393 U.S. at 30–31; Lubin v. Panish, 415 U.S. at 716. Even under the most deferential standard of review available, the differential treatment fails.

## COUNT VIII, UOCAVA PREEMPTION, 52 U.S.C. § 20301 ET SEQ.

91.  Plaintiffs incorporate by reference all preceding paragraphs.

92.  The Uniformed and Overseas Citizens Absentee Voting Act protects the right of active-duty members of the Armed Forces and the uniformed services, the Merchant Marine, their spouses and dependents, and United States citizens residing outside the United States to register absentee, request and receive absentee ballots, and have their absentee ballots counted in federal elections.

93.  The Executive Order's purported selective voiding of the federal congressional contest on UOCAVA-protected absentee ballots already issued, completed, returned, and received conflicts with and is preempted by UOCAVA. State action that purports to void the federal contest on a UOCAVA-protected ballot already cast is incompatible with the federal statutory framework and is preempted under the Supremacy Clause, U.S. Const. art. VI, cl. 2.

## COUNT IX, HAVA PREEMPTION, 52 U.S.C. § 20901 ET SEQ.

94.  Plaintiffs incorporate by reference all preceding paragraphs.

95.  The Help America Vote Act establishes minimum federal standards for the conduct of federal elections, including provisional ballots, voting system standards, and voter registration procedures. The Executive Order's purported selective voiding of the federal congressional contest on absentee ballots already cast, after voting has begun, is incompatible with HAVA's federal statutory framework and is preempted under the Supremacy Clause.

## VII. CLASS ALLEGATIONS

96.     Plaintiff EUGENE COLLINS, JR. brings this action individually and as a representative of a putative class of all qualified Louisiana electors who were entitled to vote in the May 16, 2026, election, pursuant to Federal Rule of Civil Procedure 23(b)(2). The class is so numerous (approximately three (3) million qualified electors statewide) that joinder is impracticable. Common questions of law and fact predominate, including but not limited to: (a) whether Executive Order JML 26-038 violates the First, Fourteenth, and Fifteenth Amendments; (b) whether the Executive Order violates the Elections Clause and federal election-timing statutes; (c) whether the Executive Order violates Section 2 of the Voting Rights Act; (d) whether the Executive Order is preempted by UOCAVA and HAVA; and (e) whether the Executive Order violates the Louisiana Constitution.

97.     The claims of Plaintiff Collins are typical of those of the putative class. Plaintiff Collins is a qualified Louisiana voter whose right to a meaningful vote in the May 16, 2026, closed party primary and on the November 3, 2026, general election ballot is directly impaired by the Executive Order, and whose racial composition (Black) and geographic location (East Baton Rouge Parish, within the Sixth Congressional District) place him squarely within the class of voters most acutely affected by the Executive Order's targeting.

98.     Counsel is competent to represent the class. Defendants have acted on grounds generally applicable to the class, making final injunctive and declaratory relief appropriate respecting the class as a whole. Plaintiff Collins will fairly and adequately protect the interests of the class.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court:

(A) Issue a Temporary Restraining Order and Preliminary Injunction, returnable at the earliest possible date, enjoining Defendants from giving any force or effect to Executive Order JML 26-038;

(B) Order Defendants to proceed with the May 16, 2026, closed party primary in its entirety, including the United States Senate primary, the United States House

primaries, the Louisiana Supreme Court 1st District election, the Louisiana Board of Elementary and Secondary Education election, the Louisiana Public Service Commission contests, the local and municipal contests, and the five proposed amendments to the Louisiana Constitution, under the existing congressional districts pending entry of a remedial plan by the United States District Court for the Western District of Louisiana on remand from Callais;

**(C)** Order Defendants to count, in accordance with Louisiana law, every absentee ballot already cast in its entirety, including the federal congressional contest, and every absentee ballot timely received between the date of any Order entered herein and the close of polls on May 16, 2026; and to refrain from selectively voiding the federal congressional contest on any returned ballot;

**(D)** Order Defendants to refrain from de-listing any qualified candidate, refunding any qualifying fee in lieu of ballot placement, or taking any other action inconsistent with the conduct of the May 16, 2026, election under the existing election calendar and the November 3, 2026, general election under the existing congressional districts;

**(E)** Order Defendants to issue, within twenty-four (24) hours of entry of any Order, public guidance to all parish Registrars of Voters and to all Clerks of Court confirming that the May 16, 2026, election will proceed as previously scheduled in its entirety, and to publish such guidance on the official website of the Louisiana Department of State;

**(F)** Issue a permanent injunction to the same effect;

**(G)** Declare that Executive Order JML 26-038 violates the First, Fourteenth, and Fifteenth Amendments to the United States Constitution; the Elections Clause, U.S. Const. art. I, § 4, cl. 1; 2 U.S.C. §§ 1 and 7; Section 2 of the Voting Rights Act, 52 U.S.C. § 10301; the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq.; the Help America Vote Act, 52 U.S.C. § 20901 et seq.; and Article I, §§ 3 and 10 of the Louisiana Constitution;

**(H)** Certify a class of qualified Louisiana electors under Federal Rule of Civil Procedure 23(b)(2);

**(I)** Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e); and

**(J)** Award such further and additional relief as this Court deems just and proper.

Respectfully submitted

RESPECTFULLY SUBMITTED,

*/s/ Jamar Lanier Ennis*
JAMAR LANIER ENNIS
La. Bar Roll #37455
**Ennis Law Firm, LLC**
412 N. 4th Street, Suite 102
Baton Rouge, Louisiana 70801
Phone: (225) 400-6600
Fax: (225) 308-2053

## **VERIFICATIONS**

Each of the undersigned Plaintiffs, having read the foregoing Amended Verified Complaint for Declaratory and Injunctive Relief, declares under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the factual allegations made on personal knowledge are true and correct, and that those alleged on information and belief he or she believes to be true.

___/s/*Eugene Collins, Jr.*_____
**EUGENE COLLINS, JR.**
*Lead Plaintiff (Voter, East Baton Rouge Parish)*
Date: ___5/3/2026_____    Parish: ____East Baton Rouge_____

_____
**LINDSAY GARCIA**
*Plaintiff (Democratic candidate, U.S. House, 5th Congressional District)*
Date: _____    Parish: _____

_____

**LAUREN JEWETT**
*Plaintiff (Democratic nominee, U.S. House, 1st Congressional District)*
Date: _____    Parish: _____

_____

**JOHN DAY**
*Plaintiff (Democratic candidate, U.S. House, 3rd Congressional District)*
Date: _____    Parish: _____

_____

**CONRAD CABLE**
*Plaintiff (Democratic candidate, U.S. House, 4th Congressional District)*
Date: _____    Parish: _____

_____

**MATT GROMLICH**
*Plaintiff (Democratic candidate, U.S. House, 4th Congressional District)*
Date: _____    Parish: _____

_____

**JESSEE FLEENOR**
*Plaintiff (Democratic candidate, U.S. House, 5th Congressional District)*
Date: _____    Parish: _____

_____

**LARRY FOY**
*Plaintiff (Democratic candidate, U.S. House, 5th Congressional District)*
Date: _____    Parish: _____

_____

**DAN McKAY**
*Plaintiff (Democratic candidate, U.S. House, 5th Congressional District)*
Date: _____    Parish: _____

_____

**CLEO FIELDS**
*Plaintiff (Democratic nominee, U.S. House, 6th Congressional District)*
Date: _____    Parish: _____

_____

**JAMIE DAVIS**
*Plaintiff (Democratic candidate, U.S. Senate)*
Date: _____    Parish: _____

**NICK ALBARES**
*Plaintiff (Democratic candidate, U.S. Senate)*
Date: _____ Parish: _____


**GARY CROCKETT**
*Plaintiff (Democratic candidate, U.S. Senate)*
Date: _____ Parish: _____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3rd day of May, 2026, a copy of the foregoing Amended Verified Complaint for Declaratory and Injunctive Relief was served upon all counsel of record by the Court's CM/ECF system, and additionally, in light of the emergency nature of the matters at issue, by electronic mail.