**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

EUGENE COLLINS, JR., et al.,
         Plaintiffs,

v.

JEFF LANDRY, in his official capacity
as Governor of the State of Louisiana;
ELIZABETH B. MURRILL, in her
official capacity as Attorney General;
and NANCY LANDRY, in her official
capacity as Secretary of State,
         Defendants.

CIVIL ACTION

NO. 3:26-cv-00471-SDD-RLB

THREE-JUDGE PANEL
(28 U.S.C. § 2284)

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
*(Supreme Court of the United States, May 4, 2026 Order, No. 25A1197)*

Plaintiffs, through undersigned counsel of record, respectfully submit this Notice of Supplemental Authority to bring to the Three-Judge Panel's attention the Order of the Supreme Court of the United States entered May 4, 2026 in Callais, et al. v. Louisiana, et al., No. 25A1197 (formerly Nos. 24-109 and 24-110), granting the Callais appellees' application to issue the certified judgment forthwith, together with the concurring opinion of Justice Alito (joined by Justices Thomas and Gorsuch) and the dissenting opinion of Justice Jackson. A true and correct copy of the Order is attached as Exhibit 1.

This Notice is filed for the limited purpose of identifying portions of the May 4, 2026 Order that bear directly upon (i) the State's pending Motion to Transfer this action to the Three-Judge Panel of the United States District Court for the Western District of Louisiana, addressed in Plaintiffs' Opposition to Transfer filed May 5, 2026; and (ii) the question presented by this Panel's Order of May 4, 2026 (Doc. 15) regarding the propriety of three-judge convocation under 28 U.S.C. § 2284(a), addressed in Plaintiffs' Brief due May 7, 2026. Plaintiffs do not, by this Notice, address the merits of the Supreme Court's decision in Callais or the remedial process now committed to the Three-Judge Panel of the United States District Court for the Western District of Louisiana. Plaintiffs address only those portions of the May 4, 2026 Order that materially inform the threshold procedural questions presently before this Panel.

**I. The May 4, 2026 Order and Its Components**

1. On May 4, 2026, the Supreme Court of the United States entered an Order on the application of the Callais appellees to issue the certified judgment in Louisiana v. Callais, 608 U.S. ___ (2026), forthwith, departing from the 32-day default rule under Supreme Court Rule 45.3. The application was granted by per curiam Order. Justice Alito, joined by Justices Thomas and Gorsuch, filed a concurring opinion. Justice Jackson filed a dissenting opinion.

2. The procedural effect of the May 4 Order is to authorize the Three-Judge Panel of the United States District Court for the Western District of Louisiana, presiding over the Robinson v. Ardoin / Callais remand, to receive the certified judgment from the Supreme Court immediately, rather than waiting for the ordinary 32-day rehearing window to elapse. The Order does not, however, modify the substantive rights of any party, the substantive scope of any litigation, or the proper allocation of jurisdiction among federal district courts.

**II. Justice Jackson's Dissent Expressly Identifies This Litigation as a Parallel Proceeding Presenting Questions 'Entirely Independent' of the Callais Merits**

3. Justice Jackson's dissent in 25A1197 expressly identifies the present action as a parallel proceeding to the Callais litigation. In describing the post-Callais litigation that has arisen since April 29, 2026, Justice Jackson writes:

> So, new litigation followed. A candidate and Louisiana voters who have already submitted their ballots filed suits against the Governor and the Secretary of State, asserting that, whatever might happen to Louisiana's congressional map in the future, this election is already underway and must continue pursuant to the current maps. See, e.g., Complaint in Garcia v. Landry, No. 26-cv-471 (MD La.), ECF Doc. 1; Emergency Petition for Injunctive Relief in National Council of Jewish Women v. Landry, No. C-777814 (La. 19th Jud. Dist., May 1, 2026).

> 25A1197 (Jackson, J., dissenting), slip op. at 2.

4. Plaintiffs respectfully observe that the action identified by Justice Jackson as 'Garcia v. Landry, No. 26-cv-471 (MD La.)' is the present action; the case caption was amended on May 3, 2026 with the filing of the Amended Verified Complaint, but the docket number,

district, and operative facts identified by Justice Jackson are the docket number, district, and operative facts of this matter. The dissent's identification of this case by docket number, and its juxtaposition with the parallel state-court litigation in the 19th Judicial District Court, places this action squarely within the constellation of post-Callais litigation that the Supreme Court has now expressly recognized in a published opinion.

### III. Justice Jackson Identifies the Question Presented in This Action as 'Entirely Independent' of the Callais Merits

**5.** Justice Jackson's dissent articulates the doctrinal independence of the questions presented in the post-Callais litigation, including this action, from the substantive merits of the Callais decision itself. The dissent states:

> And make no mistake: That course of action does not follow from the Callais decision itself. The question whether our decision should affect the map to be used in the ongoing primaries raises a host of legal and political questions that are entirely independent of the issue in Callais.

> 25A1197 (Jackson, J., dissenting), slip op. at 3 (emphasis added).

**6.** Justice Jackson's framing of the relevant doctrinal architecture is directly responsive to the threshold questions presently before this Panel:

**7.** First, with respect to the State's pending Motion to Transfer to the Three-Judge Panel of the United States District Court for the Western District of Louisiana: Justice Jackson confirms that the questions presented by the post-Callais litigation, including executive emergency authority, the validity of selectively voiding cast ballots, the removal of duly qualified nominees from the November 3, 2026 general election ballot, and the timing and conduct of an in-progress primary, are 'entirely independent of the issue in Callais.' That framing directly contradicts the State's argument that this action should be consolidated with, or transferred to, the Three-Judge Panel presiding over the substantive Callais merits. The Supreme Court itself, through Justice Jackson's dissent, has now articulated the very independence-of-issues argument that supports the proper venue of this action in the Middle District of Louisiana.

**8.** Second, with respect to this Panel's question regarding the propriety of three-judge convocation under 28 U.S.C. § 2284(a): Justice Jackson's framing of the post-Callais

questions as raising 'a host of legal and political questions' confirms the substantial and non-frivolous character of those questions under the gatekeeping standard articulated in Shapiro v. McManus, 577 U.S. 39, 44–46 (2015). The Supreme Court has now formally recognized, in a published opinion, that the questions presented by the post-Callais litigation are sufficiently substantial to warrant judicial attention. Those questions cannot also be 'wholly insubstantial and frivolous' within the meaning of Shapiro.

## IV. Justice Jackson Invokes the Purcell Principle Against the Conduct Challenged in This Action

9.     Justice Jackson's dissent further invokes the Purcell principle, Purcell v. Gonzalez, 549 U.S. 1 (2006), against the conduct challenged in the present action. The dissent observes:

> There is also the so-called Purcell principle, which we invoked only five months ago to chide a federal district court for 'improperly insert[ing] itself into an active primary campaign.' Abbott v. League of United Latin American Citizens, 607 U.S. ___, ___ (2025) (per curiam) (slip op., at 2).
>
> 25A1197 (Jackson, J., dissenting), slip op. at 3-4.

10.     The Plaintiffs' position has been, throughout this litigation, that the Purcell principle cuts decisively against the State, not against the Plaintiffs. The Plaintiffs do not seek to alter established election rules; the Plaintiffs seek to preserve them. The State has changed the rules mid-election, by Executive Order, after voting had begun. Justice Jackson's dissent confirms that the Purcell principle is properly invoked against the kind of mid-election disruption that JML 26-038 represents.

## V. Justice Jackson Characterizes the Present Situation as 'Chaos'

11.     Justice Jackson's dissent opens with the following sentence:

> The Court's decision in these cases has spawned chaos in the State of Louisiana.
>
> 25A1197 (Jackson, J., dissenting), slip op. at 1.

12.     The Plaintiffs have alleged, throughout the Amended Verified Complaint, that the State's selective and mid-election cancellation of the federal congressional portion of the May 16, 2026 closed party primary, the operative removal of duly nominated candidates from

the November 3, 2026 general election ballot, and the purported selective voiding of the federal congressional contest on absentee ballots already issued, completed, returned, and received by parish Registrars of Voters, have created an administratively unworkable, constitutionally infirm, and fundamentally chaotic situation. A sitting Justice of the Supreme Court has now characterized that situation, in a published opinion, in the same terms.

## VI. The Concurrence of Justice Alito Underscores the Distinct Nature of the Questions Presented in This Action

13. Justice Alito's concurrence, joined by Justices Thomas and Gorsuch, addresses the question whether the certified judgment in Callais should issue forthwith and the related question whether the 2026 general election should proceed under a constitutionally valid remedial map. The concurrence does not address (a) the validity of Executive Order JML 26-038 as a unilateral exercise of executive emergency power; (b) the constitutionality of the selective voiding of cast absentee ballots; (c) the operative removal of duly nominated candidates from the November 3, 2026 general election ballot under La. R.S. § 18:410.9(A); (d) the federal-law preemption issues arising under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq., and the Help America Vote Act, 52 U.S.C. § 20901 et seq.; or (e) the federal-election-timing issues arising under Foster v. Love, 522 U.S. 67 (1997), and 2 U.S.C. §§ 1 and 7. The concurrence is silent on each of these questions.

14. The Plaintiffs' claims in the present action are predicated on questions (a) through (e) above, none of which is addressed by the Alito concurrence. The Plaintiffs' Amended Verified Complaint does not ask this Panel to relitigate the Callais merits, to direct the Three-Judge Panel of the United States District Court for the Western District of Louisiana on remedial-map matters, or to delay the issuance of a constitutionally valid remedial map. The Plaintiffs' claims are addressed to the executive action that preceded any remedial-map adjudication, and to the operative consequences of that executive action upon ballots already cast, candidates already qualified under state law, and an election already in progress.

## VII. Conclusion

15.   Plaintiffs respectfully submit this Notice for the Panel's consideration in connection with the State's pending Motion to Transfer (addressed in Plaintiffs' Opposition filed May 5, 2026) and the question of three-judge convocation under 28 U.S.C. § 2284(a) (addressed in Plaintiffs' Brief due May 7, 2026). Plaintiffs respectfully observe that the May 4, 2026 Supreme Court Order, and in particular Justice Jackson's dissent, provides supplemental and direct authority for two propositions central to those threshold filings: first, that this action presents legal and political questions 'entirely independent of the issue in Callais,' supporting the proper venue of this action in the Middle District of Louisiana and the propriety of three-judge convocation under § 2284(a); and second, that the conduct challenged in this action has 'spawned chaos' that bears directly upon the equitable considerations underlying the Plaintiffs' anticipated motion for preliminary injunctive relief.

Respectfully submitted

RESPECTFULLY SUBMITTED,

*/s/ Jamar Lanier Ennis*
JAMAR LANIER ENNIS
La. Bar Roll #37455
**Ennis Law Firm, LLC**
412 N. 4th Street, Suite 102
Baton Rouge, Louisiana 70801
Phone: (225) 400-6600
Fax: (225) 308-2053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2026, a copy of the foregoing Notice of Supplemental Authority was served upon all counsel of record by the Court's CM/ECF system,