**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| Lindsay Garcia, a qualified voter and a candidate in the Democratic Party for the 5th congressional district, and on behalf of all others similarly situated; and Eugene Collins, a qualified voter,<br><br>        Plaintiffs,<br><br>v.<br><br><br>JEFF LANDRY, in his official capacity as Governor of the State of Louisiana; ELIZABETH B. MURRILL, in her official capacity as Attorney General of the State of Louisiana; and NANCY LANDRY, in her official capacity as Secretary of State of the State of Louisiana,<br><br>        Defendants. | Civil Action: 3:26-cv-00471<br><br>Hon. Stuart Kyle Duncan<br>Hon. Greg Guidry<br>Hon. Shelly D. Dick |

**DEFENDANTS' BRIEF OPPOSING EMPANELMENT OF A THREE-JUDGE**
**COURT UNDER 28 U.S.C. § 2284**

1

**INTRODUCTION**

No, Plaintiffs' Complaint does not present grounds requiring adjudication by a district court of three judges. ECF 15. A three-judge court is required, as relevant here, when an action is "challenging the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a). Plaintiffs challenge no such thing. Their target is the Secretary's emergency certification and the Governor's executive order, which together suspended the U.S. House primary ahead of early voting—both responses to last week's Supreme Court decision in *Callais* declaring Louisiana's existing U.S. House maps unconstitutional. Against that backdrop, Plaintiffs' assertion of § 2284(a) jurisdiction fails for at least three reasons.

*First*, Plaintiffs' request for a federal court to enjoin state executive emergency measures suspending an election is not a "challeng[e]" to "the division, partition, or distribution of congressional districts in proportionate parts." *Alabama v. Dep't of Com.*, 493 F. Supp. 3d 1123, 1128 (N.D. Ala. 2020). *Second*, the Court lacks a justiciable case or controversy before it. *Gonzalez v. Automatic Emps. Credit Union*, 419 U.S. 90, 100 (1974). And, *third*, to the extent Plaintiffs press a constitutional challenge to revive maps for an election that *Callais* forecloses, that challenge is wholly insubstantial and frivolous. *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015). Accordingly, the panel should be dissolved and the case transferred to the Western District, which entered the *Callais* injunction and now holds the case on remand.

## BACKGROUND[1]

The State enacted a congressional districting plan, SB8; it was challenged as an unconstitutional racial gerrymander in the Western District; and the three-judge court empaneled to hear that challenge granted a permanent injunction against using SB8. Injunction and Reasons for Judgment, *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La. Apr. 30, 2024), ECF 198. The Supreme Court affirmed that ruling in an opinion last week, remanding the matter to the Western District for further proceedings, and just days ago issued an expedited certification of judgment ensuring that the Western District would immediately resume jurisdiction. *Louisiana v. Callais*, No. 24-109, 608 U.S. \_\_\_, 2026 WL 1153054 (Apr. 29, 2026), *judgment entered*, No. 24-109, 2026 WL 1209010 (May 4, 2026). In light of the pre-existing Western District case, the State moved to dismiss under the First-Filed Rule or, in the alternative, transfer to that court under 28 U.S.C. § 1404(a). ECF 6.

## ARGUMENT

### I.   THE THREE-JUDGE PANEL SHOULD BE DISSOLVED, AND THIS CASE DISMISSED.

This is not a § 2284(a) case. A three-judge panel is required only "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). True, "Section 2284(a) is not a paradigm of precision" as it relates to challenges to statewide legislative bodies. *Thomas v. Reeves*, 961 F.3d 800, 811 (5th Cir. 2020) (en banc) (Willett, J., concurring). But for congressional districts, it's clear: A plaintiff

---

[1] This is a truncated version of the State's more detailed background sections in its motion to transfer, ECF 6, and opposition to preliminary injunction, ECF 18.

must "challenge[] the apportionment of a federal map" *and* "only constitutional challenges are referred to a three-judge court." *Pendergrass v. Raffensperger*, No. 1:21-CV-05339-SCJ, 2022 WL 1518234, at \*3 (N.D. Ga. Jan. 28, 2022) (noting unanimity among the *Reeves* concurrences). The Court has an independent obligation to ensure that the case "is justiciable and otherwise confers subject matter jurisdiction on the federal courts," *NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019) (per curiam), and "that there exists a *non-frivolous* constitutional challenge," *Armour v. Ohio*, 925 F.2d 987, 989 (6th Cir. 1991) (en banc) (emphasis added). Where, as here, those elements are lacking, dissolution is the proper course. *Gonzalez*, 419 U.S. at 100.

### A. Plaintiffs Do Not Challenge the Constitutionality of the Apportionment of Congressional Districts.

Plaintiffs' challenge to the Governor's Executive Order does not fall within the plain text of 28 U.S.C. § 2284(a) because Plaintiffs do not challenge the apportionment of Louisiana's congressional districts in either sense of the phrase.

*First*, what Plaintiffs challenge is not the "apportionment" at all. "The word 'apportionment,' based on its ordinary meaning when Congress amended § 2284 in 1976, means 'the division, partition, or distribution of a subject matter in proportionate parts.'" *Dep't of Com.*, 493 F. Supp. 3d at 1127 (citation omitted). That means, to qualify for a three-judge panel under § 2284(a), the constitutional challenge must be one "to the division, partition, or distribution of congressional districts in proportionate parts." *Id.* at 1128. That language naturally extends to "state action reapportioning congressional districts," *Fed'n for Am. Immigr. Reform v. Klutznick*,

486 F. Supp. 564, 577 (D.D.C. 1980), but it does not capture every challenge that "may relate to apportionment," *Tyree v. Massachusetts*, No. C.A.06-10232-MLW, 2008 WL 427293, at *4 (D. Mass. Feb. 17, 2008).

Here, on their own telling, Plaintiffs challenge the Secretary of State's emergency certification and the Governor's follow-on executive order suspending U.S. House elections in light of the *Callais* decision and injunction, not the State's apportionment. *See* Compl. ¶¶ 4–6; *see also id.* ¶ 41 (listing the "Cascade of Harm" from those past actions). And their requested relief points this up: They want the Court to *un*suspend an election, *id.* ¶ 7, by somehow forcing the Secretary to count "already-cast absentee ballot[s]," *id.* ¶ 52, or to restore Ms. Garcia's "ballot-access," *id.* ¶ 57, or compelling the Governor to revive the U.S. House election under the very maps *Callais* declared unconstitutional—because, on Plaintiffs' theory "*Callais*" itself requires it (yes, really), *id.* ¶ 64.

But none of that has anything to do with "the division, partition, or distribution of congressional districts in proportionate parts." *Dep't of Com.*, 493 F. Supp. 3d at 1128. That is why the best Plaintiffs could muster in their motion to convene the three-judge panel is that their challenge is "*connected to* the apportionment scheme invalidated by the Supreme Court." Compl. at 25. But that is far shy of what the statute requires for a three-judge panel.

*Second*, and in all events, Plaintiffs do not "challeng[e]" Louisiana's presently unconstitutional apportionment. 28 U.S.C. § 2284(a). Quite the opposite: Notwithstanding an injunction and Supreme Court decision to the contrary, they

demand that Louisiana must proceed under its unconstitutional apportionment. Compl. ¶ 7. But that does not "challenge"—or "dispute or call into question," Challenge, *Black's Law Dictionary* (12th ed. 2024)—anything about the "apportionment of congressional districts" in Louisiana, 28 U.S.C. § 2284(a).

### B. Subject Matter Jurisdiction Is Lacking.

The need for a three-judge panel is independently foreclosed where, as here, "the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro*, 577 U.S. at 44–45 (quoting *Gonzalez*, 419 U.S. at 100). For the reasons briefed in support of the State's Motion to Transfer Venue, ECF 6 at 3–13, and Opposition to the Motion for Injunctive Relief, ECF 18 at 5–10, this Court lacks jurisdiction whether it proceeds with three judges or a single judge.

### C. The Constitutional Claims Are Frivolous After *Callais*.

To the extent Plaintiffs *are* actually "challenging the constitutionality of" the State's implementation of the *Callais* injunction related to "the apportionment of congressional districts" in Louisiana, that claim is patently frivolous under the Supreme Court's decision in *Callais*, 2026 WL 1153054, at *3, and thus cannot support jurisdiction under 28 U.S.C. § 2284(a). *See Armour*, 925 F.2d at 989 ("A claim is unsubstantiated only when it is obviously without merit or clearly determined by previous case law.").

### CONCLUSION

The Court should dissolve the three-judge panel and dismiss this case or transfer it to the Western District.

Dated: May 7, 2026

Respectfully Submitted,

Elizabeth B. Murrill
Attorney General of Louisiana

*/s/ Carey Tom Jones*
Carey Tom Jones (LA #07474)

Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
jonescar@ag.louisiana.gov

*Counsel for Defendants*